No. 2--03--0813

_________________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Ogle County.

)

Plaintiff-Appellee, )

)

v. ) No. 01--CF--24

)

PHILBERT B. PENDLETON, ) Honorable

) Stephen C. Pemberton,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Philbert B. Pendleton, appeals the denial of his petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 
et seq
. (West 2002)).  On appeal, 
defendant
 abandons the arguments raised in the petition and instead argues for the first time that, after he pleaded guilty and was sentenced, the trial court failed to admonish him pursuant to Supreme Court Rule 605(b) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(b), eff. October 1, 2001) and that, therefore, he is entitled to a new hearing for proper instructions for withdrawing his guilty plea.  Defendant further contends that his postconviction counsel rendered ineffective assistance for failing to include the admonishment issue in the amended petition.  We conclude that defendant waived his admonishment claim pursuant to the recent supreme court case of 
People v. Jones
, 213 Ill. 2d 498 (2004), which held that a postconviction petitioner may not raise an issue for the first time in the appellate court if the issue could have been raised in the postconviction petition.  Nevertheless, we reverse the denial of the amended postconviction petition on the grounds that postconviction counsel was ineffective for failing to raise the admonishment issue in the petition and that defendant could not have raised the ineffective assistance claim in the petition.  We also remand the cause to the trial court for compliance with Rule 605(b).

FACTS

On August 31, 2001, 
defendant
 pleaded guilty to two counts of home invasion (720 ILCS 5/12--11(a)(2) (West 2000)) and two counts of aggravated criminal sexual assault (720 ILCS 5/12--14(a)(2), (a)(5) (West 2000)).  In exchange for the guilty pleas, the State agreed not to charge 
defendant
 with an unrelated offense he allegedly committed in 1997.  No agreement was reached as to the sentence.  Following a sentencing hearing on November 8, 2001, the trial court imposed a 75-year aggregate prison sentence, which comprised consecutive terms of 15 years for the first home invasion count, 30 years for the second home invasion count, and 30 years for one of the aggravated criminal sexual assault counts.  Defendant did not file a posttrial motion or a direct appeal.

On October 30, 2002, 
defendant
 filed a 
pro
 
se
 postconviction petition, and the trial court appointed counsel to represent him.  On April 21, 2003, postconviction counsel amended the petition to allege that trial counsel rendered ineffective assistance for (1) failing to move to withdraw the guilty plea, as 
defendant
 allegedly requested; (2) failing to provide sufficient information to an expert psychologist who testified for the 
defense at the sentencing hearing
; and (3) allowing 
defendant
 to testify at the sentencing hearing that he committed other uncharged criminal offenses.  Neither the original petition nor the amended petition raised the admonishment issue.

The trial court docketed the petition for proceedings under sections 122--4 through 122--6 of the Act (725 ILCS 5/122--4 through 122--6 (West 2002)).  On June 16, 2003, the trial court denied the petition, and defendant's timely appeal followed.

ANALYSIS

Defendant argues for the first time on appeal that the trial court failed to admonish him properly pursuant to Rule 605(b) and that, therefore, he is entitled to a new hearing for proper instructions for withdrawing his guilty plea or to a "full blown" hearing on his postconviction petition.  The State responds that 
defendant
 waived the issue by failing to raise it in a direct appeal or in the postconviction petition.  Defendant attempts to rebut the waiver argument by replying that his postconviction counsel was ineffective for failing to raise the issue in the amended petition. The Act provides that a defendant may challenge his conviction by alleging "that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both."  725 ILCS 5/122--1(a) (West 2002);  see 
People v. Tenner
, 175 Ill. 2d 372, 378 (1997).  A petition filed under the Act must "clearly set forth the respects in which petitioner's constitutional rights were violated."  725 ILCS 5/122--2 (West 2002).  The petition shall have attached, "affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."  725 ILCS 5/122--2 (West 2002); see 
People v. Collins
, 202 Ill. 2d 59, 66 (2002).  A postconviction proceeding is a collateral proceeding, not an appeal from the underlying judgment.  
People v. Evans
, 186 Ill. 2d 83, 89 (1999).

In a case not involving the death penalty, the Act establishes a three-stage process for adjudicating a petition for postconviction relief.  
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996).  At the first stage of a postconviction proceeding, the trial court determines whether the petition alleges a constitutional infirmity that, if proven, would entitle the 
defendant
 to relief under the Act.  
People v. Coleman
, 183 Ill. 2d 366, 380 (1998).  The first stage presents a pleading question.  Unless positively rebutted by the record, all well-pleaded facts are taken as true at this stage, and the trial court's determination is subject to 
de
 
novo
 review.  
Coleman
, 183 Ill. 2d at 385, 388-89.

A 
pro
 
se
 postconviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the "gist of a constitutional claim."  
Gaultney
, 174 Ill. 2d at 418, citing 
People v. Porter
, 122 Ill. 2d 64, 74 (1988).  The "gist" standard is "a low threshold."  
Gaultney
, 174 Ill. 2d at 418.  To set forth the "gist" of a constitutional claim, the postconviction petition "need only present a limited amount of detail" (
Gaultney
, 174 Ill. 2d at 418) and hence need not set forth the claim in its entirety.  Further, the petition need not include "legal arguments or [citations] to legal authority."  
Gaultney
, 174 Ill. 2d at 418.

If the petition is not dismissed and survives the first stage of the postconviction process, then subsection (b) of section 122--2.1 of the Act provides that "the court shall order the petition to be docketed for further consideration in accordance with Sections 122--4 through 122--6."  725 ILCS 5/122--2.1(b) (West 2002).  At the second stage of the postconviction process, the State is required to either answer the pleading or move to dismiss.  725 ILCS 5/122--5 (West 2002).  If at the second stage the State files a motion to dismiss, the trial court must rule on the legal sufficiency of the defendant's allegations, taking all well-pleaded facts as true.  
People v. Ward
, 187 Ill. 2d 249, 255 (1999).  If at the second stage a substantial showing of a constitutional violation is established, the petition is advanced to the third stage for an evidentiary hearing.  725 ILCS 5/122--6 (West 2002);  
Gaultney
, 174 Ill. 2d at 418.

Section 122--3 of the Act, however, contemplates the filing of only one postconviction petition.  
People v. Erickson
, 183 Ill. 2d 213, 222-23 (1998).  Therefore, claims of a substantial denial of a constitutional right not raised in the original or amended petition are waived, and those previously decided on direct appeal are barred by 
res
 
judicata
.  
People v. Tenner
, 206 Ill. 2d 381, 392 (2002).  In the context of successive postconviction petitions, the procedural bar of waiver is an express requirement of the statute and, therefore, cannot be relaxed unless fundamental fairness so requires.  See 725 ILCS 5/122--3 (West 2002);  see also 
People v. Pitsonbarger
, 205 Ill. 2d 444, 458 (2002).

Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) requires a defendant who wishes to appeal from a conviction following a guilty plea to first file in the circuit court a written motion to withdraw his guilty plea or to reconsider his sentence.  A necessary antecedent, however, is that the defendant be given the admonitions prescribed by Rule 605 to advise him of those requirements.  
People v. Jamison
, 181 Ill. 2d 24, 29 (1998); 
People v. Johnson
, 332 Ill. App. 3d 81, 83 (2002).  The parties correctly agree that 
defendant
 entered a partially negotiated plea, and therefore, Rule 605(b) governs the admonishments to which 
defendant
 was entitled.  Rule 605(b) provides in relevant part as follows:

"(b) On Judgment and Sentence Entered on a Plea of Guilty.  In all cases in which a judgment is entered upon a plea of guilty, other than a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions;  and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived."  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(b), eff. October 1, 2001.

After sentencing defendant, the trial court admonished him as follows:

"You have the right to appeal the sentence which I have imposed here today.  You have the right to ask me to reconsider the sentence.  You have to file a motion within 30 days and Mr. Miller [the assistant Public Defender] can assist you in that.  If you want me to reconsider the sentence, you file the motion within 30 days. 

If you want to appeal the sentence you have the right to have a lawyer and a transcript of everything I've done here.  If you can't afford those you can have those free of charge.

Any claim of error that you want to raise on appeal has to be put into that written motion filed within the next 30 days or you can't bring it up on appeal."

The trial court failed to admonish 
defendant
 that his right to appeal was predicated on the filing of a posttrial motion to reconsider the sentence or withdraw the guilty plea.  The court also failed to inform 
defendant
 that if such a motion were granted, the sentence would be modified or the judgment would be vacated, the charges would be reinstated, and a trial date would be set.  The State essentially concedes that the admonishments failed to comply with Rule 605(b).  However, the State argues that 
defendant
 has waived the issue and 
that defendant
 was not prejudiced by the inadequate admonishments.

Our supreme court faced a nearly identical issue in 
Jones
.  In that case, the defendant entered into a negotiated plea agreement in which he agreed to plead guilty to attempted first-degree murder in exchange for a 20-year prison sentence.  
Jones
, 213 Ill. 2d at 499.  At the conclusion of the hearing, the trial court provided the defendant with admonishments that adhered to the text of Rule 605(b)(2) but were nevertheless legally inaccurate.  
Jones
, 213 Ill. 2d at 500 n.1.  The defendant filed a 
pro
 
se
 " 'Motion for a Reduction of Sentence,' " two " 'Petition[s] to Withdraw Guilty Plea and Vacate Sentence,' "  and a postconviction petition.  None of the documents mentioned the admonishment issue, and the trial court dismissed each document as frivolous or untimely.  
Jones
, 213 Ill. 2d at 500-01.  The defendant appealed the summary dismissal of his 
pro
 
se
 postconviction petition, arguing for the first time that the trial court did not admonish him correctly following the entry of his guilty plea.

The supreme court held that the defendant waived the issue, noting that "th[e] court has generally held that a claim not raised in a petition cannot be argued for the first time on appeal."  
Jones
, 213 Ill. 2d at 505.  The court acknowledged that the waiver language contained in section 122--3 has never been viewed as an ironclad bar, citing the allowance of multiple or successive petitions, despite the lack of statutory authority for such filings, when fundamental fairness requires an exception to the waiver language.  
Jones
, 213 Ill. 2d at 505.  However, the court emphasized that "fundamental fairness" in such circumstances is not meant to be a vague term, but rather, the cause and prejudice test must be used as the analytical tool for determining whether fundamental fairness allows for the relaxation of the waiver rule of section 122--3.  
Jones
, 213 Ill. 2d at 505.

The 
Jones
 court questioned why the "appellate court has repeatedly overlooked the waiver language of section 122--3 and has addressed claims raised for the first time on appeal for various and sundry reasons."  
Jones
, 213 Ill. 2d at 506.  The court stressed that the "appellate court is not free, as [the supreme] court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition."  
Jones
, 213 Ill. 2d at 508.  The 
Jones
 court held that the defendant could  not raise the issue of the improper admonishments for the first time on appeal and that the proper forum for raising the claim was a successive postconviction action.  
Jones
, 213 Ill. 2d at 508.

As in 
Jones
, a liberal interpretation of the postconviction petition filed in this case indicates no reference to the admonishment issue, and it is clear that defendant has raised his potentially meritorious claim for the first time in this appeal.  Ordinarily, 
Jones
 would compel us to affirm the denial of the amended petition, leaving defendant the sole option of raising the issue in a successive postconviction action if he could " 'meet the strictures of the "cause and prejudice test." '  "  
Jones
, 213 Ill 2d at 508, quoting 
People v. Jones
, 211 
Ill. 2d
 140, 149 (2004).  However, our analysis does not end with the holding of 
Jones
, because defendant has presented the admonishment issue in another way: he argues on appeal that his postconviction counsel was ineffective for failing to include the admonishment issue in the amended petition.

It is well settled that "[c]onsiderations of 
res
 
judicata
 and waiver limit the scope of post-conviction relief 'to constitutional matters which have not been, 
and could not have been
, previously adjudicated.' "  (Emphasis added.)  
People v. McNeal
, 194 Ill. 2d 135, 140 (2000), quoting 
People v. Winsett
, 153 Ill. 2d 335, 346 (1992).  Defendant argues that, even if the waiver doctrine  precludes him from directly raising the admonishment issue for the first time in this appeal, we must decide the issue indirectly in the context of his claim of ineffectiveness of postconviction counsel.  Defendant contends that we must consider the ineffectiveness claim because this appeal is the earliest point at which he could have raised it.  We agree, concluding that defendant's claim of ineffective assistance of postconviction counsel is distinguishable from the admonishment issue presented in 
Jones
, where the defendant had not been appointed postconviction counsel.

There is no constitutional right to counsel in postconviction proceedings.  
McNeal
, 194 Ill. 2d at 142.  If the petition is not dismissed pursuant to section 122--2.1 of the Act, an indigent defendant is entitled to representation in proceedings under the Act.  725 ILCS 5/122--4 (West 2002).  Because the source of the right to counsel in a postconviction matter is statutory rather than constitutional, the degree of skill and care that a lawyer must exercise in representing a postconviction petitioner is not controlled by the sixth amendment standard announced by the Supreme Court in 
Strickland v. Washington
, 466 U.S. 668,  80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  Instead, a postconviction petitioner is entitled only to the level of assistance guaranteed by the Act: a "reasonable" level of assistance.  
McNeal
, 194 Ill. 2d at 142.

To guarantee a reasonable level of assistance in postconviction proceedings, Supreme Court Rule 651(c) prescribes certain requirements that counsel must fulfill.  Rule 651(c) provides as follows:

"Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner.  The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that 
the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed pro se that are necessary for an adequate presentation of petitioner's contentions
."  (Emphasis added.)  134 Ill. 2d R. 651(c).

In this case, postconviction counsel filed a certificate of compliance under Rule 651(c) at the time he submitted defendant's amended postconviction petition.  The certificate recited that counsel had (1) consulted with the defendant "to ascertain his contentions of deprivation of constitutional right," (2) "examined the record of the proceedings at the trial," and (3) "made any necessary amendments to the petition filed 
pro
 
se
."

Despite the certification by postconviction counsel, we conclude that defendant did not receive the reasonable level of assistance of counsel required by the Act.  In defendant's 
pro
 
se
 petition, he stated that "after the plea was entered and sentences imposed, defendant informed his [trial] counsel that he wished to withdraw his guilty plea and defendant asked counsel to file the appropriate papers."  This assertion alone should have alerted postconviction counsel that trial counsel might have been ineffective for failing to preserve defendant's right to a direct appeal.  As discussed, Rule 605 admonishments are a necessary antecedent to the filing of such an appeal.  See 
Jamison
, 181 Ill. 2d at 29.  We believe that a reasonable review of the guilty plea proceedings would have disclosed that the trial court's admonishments were inadequate under Rule 605(b), a point conceded by the State on appeal.  Such a review of the guilty plea proceedings is mandated by Rule 651(c) and, in any event, would be necessary to an investigation of defendant's 
pro
 
se
 claim of his trial counsel's ineffectiveness.  Under these circumstances, we conclude that postconviction counsel rendered unreasonable assistance and that defendant is entitled to an opportunity to move to withdraw his guilty plea.  See 
Jamison
, 181 Ill. 2d at 31 (because the failure to comply with the procedures of Rule 604(d) results in the loss of a defendant's right to appeal, Illinois courts require strict compliance with Rule 605(b) and a remandment when the trial court has failed to properly give the admonishments contained therein).

For the preceding reasons, the judgment of the circuit court of Ogle County is reversed and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

O'MALLEY, P.J., and CALLUM, J., concur.