Docket No. 100493.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PHILBERT PENDLETON, Appellee.

*Opinion filed December 21, 2006.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, and Garman concurred in the judgment and opinion.

Justice Burke took no part in the decision.

## OPINION

Pursuant to a plea agreement, defendant, Philbert Pendleton, pled guilty in the circuit court of Ogle County to two counts of home invasion and two counts of aggravated criminal sexual assault. In exchange for the guilty pleas, the State agreed not to charge petitioner with an unrelated offense. No agreement was reached as to sentence. The circuit court subsequently sentenced defendant to consecutive terms of 15 years for the first count of home invasion, 30 years for the second, and 30 years for one of the aggravated criminal sexual assault counts. Neither a postjudgment motion nor a notice of appeal was filed. Nearly a year after sentencing, defendant filed a *pro se* postconviction petition. Counsel was appointed for defendant and

subsequently filed an amended petition on his behalf. The circuit court denied defendant postconviction relief, and he appealed. The appellate court reversed and remanded. 356 Ill. App. 3d 863. The appellate court found that an admonishment issue, which was raised for the first time on appeal, had been forfeited, but the court concluded that remand was nonetheless necessary because postconviction counsel had rendered deficient, unreasonable assistance in postconviction proceedings. 356 Ill. App. 3d at 870-71. We allowed the State's petition for leave to appeal (177 Ill. 2d R. 315(a)), and now reverse the judgment of the appellate court. The following facts are pertinent to our disposition.

BACKGROUND

On August 31, 2001, defendant pled guilty to two counts of home invasion (720 ILCS 5/12–11(a)(2) (West 2000)) and two counts of aggravated criminal sexual assault (720 ILCS 5/12–14(a)(2), (a)(5) (West 2000)) in exchange for the State's agreement not to charge him with an unrelated offense he allegedly committed in 1997. No agreement was reached as to sentence.

Prior to taking defendant's guilty pleas, the circuit court conducted meticulous inquiries and admonishments pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402) in order to ensure that defendant's guilty pleas were informed, knowing, and voluntary. We set forth, at length, portions of the colloquy between defendant and the court.

The circuit court first asked defendant if he was "in good health physically and mentally," to which defendant responded affirmatively. Defendant said he was not taking any prescription drugs or medication. The court then read the charges to defendant and asked if he understood them. Defendant indicated he understood; in fact, he took exception to the language of count I, and that charge was amended to comport with defendant's version of events.

Thereafter, sentencing options were explained to defendant. The court told defendant:

> "First three [counts] you could be subject to an extended term in the Department of Corrections, also that would be from 30 to 60 years based on the aggravating factor of the age

of the victims being over 60 years ***. There is a minimum mandatory six-year prison sentence involved in regard to all of these offenses, do you understand that?"

Defendant indicated he understood. The court then advised defendant "there would be a three year mandatory supervised release period" upon his release from prison. Defendant again indicated he understood. Pursuant to the State's request, the court addressed the possibility of consecutive sentencing:

"THE COURT: Mr. Pendleton. If, in fact, it is determined that under Counts II and III, were [*sic*] part of a single course of conduct, there's no substantial change in the criminal objective, and whether there is either severe bodily injury or criminal sexual assault then under Counts II and III it would be required of me if those findings are shown at the sentencing hearing [that] you receive consecutive sentences, that means one sentence ends, the other begins, you will not serve them at the same time. Do you understand that?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: Also discretionary consecutive sentences in regard to all charges, that would be up to the court at the time of the sentence, do you understand that?

THE DEFENDANT: Yes, sir."

After giving defendant those admonishments, the court proceeded, first, to inform defendant of the rights he would give up by pleading guilty and, second, to ascertain that defendant had consulted with counsel:

"THE COURT: All right. You also understand that if you plead guilty today you give up certain rights? You give up the right to have a trial before a judge or jury; you give up the right to meet and confront the witnesses against you and present evidence in your own behalf; and the right to remain silent and make the State prove this charge against you beyond a reasonable doubt. Do you understand the rights you'd be giving up today if you plead guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand there will be no trial in any of these charges if you plead guilty?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Have you had a chance to talk to [defense counsel] about this?

THE DEFENDANT: Yes, sir.

THE COURT: And you've had some considerable time with him talking about it over the days?

THE DEFENDANT: Yes.

THE COURT: Do you have any other questions you want to ask [defense counsel] today before we proceed any further?

THE DEFENDANT: No, sir.

THE COURT: You have a clear understanding where we're at right now?

THE DEFENDANT: Yes, sir."

With that, the court asked defendant, successively, with respect to each charge, how he pled, guilty or not guilty. Defendant, without hesitation, pled guilty to each charge. The court then asked defendant whether he was pleading guilty to each of those charges of his "own free will," and defendant again responded affirmatively. When asked if anyone had threatened him to get him to plead guilty, defendant stated, "Not at all." When the court inquired whether there had been any promises made to him to get him to plead guilty, defendant responded negatively. At that point in the proceedings, the State interrupted for purposes of clarification, noting the State's agreement not to charge defendant with an unrelated offense he allegedly committed in 1997. The court then asked defendant, "That's been told to you Mr. Pendleton?" Defendant confirmed that was part of the plea agreement.

At the court's request, the prosecutor provided a factual basis as to each charge. Defense counsel stipulated that would be the State's evidence. Thereupon, the circuit court found factual bases for the guilty pleas, found that the defendant's pleas were knowing and voluntary, and accepted defendant's guilty pleas, setting the matter over for a sentencing hearing.

Since defendant raised no sentencing issue in the appellate court,

and he advances no claim of sentencing error in briefs or oral argument before this court, there is no need to recount the events of defendant's sentencing hearing. Suffice it to say that a sentencing hearing was conducted on November 8, 2001, and, at the conclusion of that hearing, the circuit court imposed a 75-year aggregate prison sentence, consisting of consecutive terms of 15 years for the first home invasion count, 30 years for the second home invasion count, and 30 years for one of the aggravated criminal sexual assault counts. After sentencing defendant, the circuit court advised him as follows:

> "You have the right to appeal the sentence which I have imposed here today. You have the right to ask me to reconsider the sentence. You have the right to file a motion within 30 days and [defense counsel] can assist you in that. If you want me to reconsider the sentence, you file the motion within 30 days.

> If you want to appeal the sentence you have the right to have a lawyer and a transcript of everything I've done here. If you can't afford those you can have those free of charge.

> Any claim of error that you want to raise on appeal has to be put into that written motion filed within the next 30 days or you can't bring it up on appeal. That's all for today."

Defendant did not file a postjudgment motion or a notice of appeal. However, the common law record indicates that defendant sent a letter to the circuit clerk of Ogle County in June of 2002, inquiring about the status of his appeal. In that letter, defendant stated that he had instructed his public defender "to appeal" his "conviction and sentence." Defendant said he had not heard from the Office of the State Appellate Defender and he was thus "concerned" because he did not know whether his case was "under appeal." Defendant asked the circuit clerk to send him a status report of his case. In his letter of June 2002, defendant did not mention a motion to withdraw guilty plea or suggest that he had asked trial counsel to file one.

The next document appearing in the common law record is defendant's *pro se* postconviction petition, which bears a file stamp of October 30, 2002. In that petition, defendant alleged that improper evidence was presented at his sentencing hearing and that trial counsel was ineffective insofar as counsel did not object to that evidence.

-5-

Defendant also claimed he had "informed his counsel that he wished to withdraw his guilty plea and *** asked counsel to file the appropriate papers." He contended, *inter alia*, that trial counsel "was ineffective *** for failing to file a motion to withdraw and vacate his guilty plea." Defendant did not suggest that his guilty pleas were not knowingly and voluntarily entered. He did not specify any basis for withdrawal of his guilty plea.

The circuit court appointed counsel to represent defendant, and, on April 21, 2003, counsel filed an amended postconviction petition on defendant's behalf. At the time he submitted defendant's amended postconviction petition, counsel filed a certificate of compliance pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). The certificate recited that counsel had (1) consulted with the defendant "to ascertain his contentions of deprivation of constitutional right," (2) "examined the record of the proceedings at the trial," and (3) "made any necessary amendments to the petition filed *pro se*." In the amended petition, counsel "incorporate[d] all allegations contained in the previously filed *pro se* petition" and, "in addition to" those allegations, alleged that trial counsel had rendered ineffective assistance insofar as counsel had (1) failed to provide sufficient information to an expert psychologist who testified for the defense at the sentencing hearing; and (2) allowed defendant to testify at the sentencing hearing that he had committed other uncharged criminal offenses. Neither the original petition, nor the amended petition, raised an admonishment issue. The State filed an answer to the petitions, requesting dismissal of the petitions and "such other relief as is just."

At a May 21, 2003, hearing on defendant's petitions–conducted by the same judge who had taken defendant's plea and had subsequently sentenced him–postconviction counsel first confirmed that the circuit court had before it transcripts from defendant's guilty plea and subsequent sentencing, and then asked the court to take judicial notice of those transcripts. Counsel, with defendant present, indicated he would present no additional evidence and would confine his argument to points in the *amended* petition relating to defendant's sentencing hearing. With respect to defendant's original, *pro se* petition, counsel stated:

> "Mr. Pendleton's original petition is incorporated herein, and we would rest on the argument made in the memorandum of

law in support of that post-conviction petition as signed and sworn to by Mr. Pendleton."

In the memorandum supporting his *pro se* postconviction petition, defendant argued only sentencing error, and the only relief he requested was an "evidentiary hearing or a new sentencing hearing."

After counsel finished his argument on points raised in the amended petition, the State responded by first addressing matters raised in defendant's *pro se* petition:

"I'm going to start at the beginning of the first petition that was filed by Mr. Pendleton, if I could go in order. As to 2(a) [of the *pro se* petition], the allegation that it is a violation of his rights that after the plea was entered and the sentence imposed that he informed his counsel he wished to withdraw his guilty plea and that he asked counsel to file the appropriate papers. I know [postconviction counsel] did not argue these two points in this petition directly. However, because my understanding is that they still remain a part of this petition, I do want to at least briefly address them."

Citing this court's decision in *People v. Edwards*, 197 Ill. 2d 239 (2001), the State argued it is not enough for a defendant in the second stage of postconviction proceedings to simply allege that he asked trial counsel to file a motion to withdraw his guilty plea and pursue an appeal, and that counsel failed to do so. Quoting from *Edwards*, the State noted that such a defendant must provide "some explanation of the grounds that could have been presented in the motion to withdraw the plea." See *Edwards*, 197 Ill. 2d at 257-58. With that observation, the State went on to address claims of ineffective assistance of counsel related to defendant's sentencing, the focus of both the *pro se* postconviction petition and the amended petition.

In response, postconviction counsel argued, *inter alia*, that *Edwards* does not control the result in this case because *Edwards* involved disposition of a defendant's postconviction petition during the *first stage* of postconviction proceedings, *i.e.*, pronouncements regarding subsequent stages were not necessary to the court's disposition.

The circuit court took the matter under advisement and, in an order entered June 16, 2003, denied defendant's request for

postconviction relief. The court's order notes that one of the issues presented at the May 21 hearing concerned trial counsel's alleged failure to "file a motion to withdraw the Defendant's guilty plea after being requested to do so." Citing this court's decision in *Edwards*, the circuit court observed:

> "Defendant has failed to present any basis, assert any grounds or present any evidence by which a motion to withdraw plea of guilty would be successful. The Defendant's claim in this respect is not supported by the pleadings or the evidence and will be denied."

The circuit court also rejected defendant's other claims of ineffective assistance, which were based on trial counsel's conduct at sentencing.

Defendant appealed, abandoning all of the arguments raised in his postconviction petitions. Instead, defendant argued for the first time that, after he pled guilty and was sentenced, the trial court failed to properly admonish him pursuant to Supreme Court Rule 605(b) and that he is, therefore, entitled to a new hearing for proper Rule 605(b) admonishments. 356 Ill. App. 3d at 864. Defendant further contended that his postconviction counsel rendered "ineffective" assistance insofar as he failed to include the admonishment issue in the amended petition. 356 Ill. App. 3d at 864.

Acknowledging our recent decision in *People v. Jones*, 213 Ill. 2d 498 (2004), the appellate court first noted that defendant had forfeited his admonishment issue. 356 Ill. App. 3d at 864, 868-69. In *Jones*, a case involving a *pro se* defendant and summary dismissal of a postconviction petition at the first stage of postconviction proceedings, we reiterated the general rule that claims not raised in a postconviction petition cannot be argued for the first time on appeal.

Notwithstanding defendant's forfeiture of the issue, the appellate court in this case went on to consider and purportedly decide the admonishment issue, "indirectly," concluding, in the *early* portion of the opinion, that "postconviction counsel was ineffective for failing to raise the admonishment issue in the [amended] petition." 356 Ill. App. 3d at 864. In the *latter* part of the appellate court's opinion, the court also appeared to fault postconviction counsel for not raising trial counsel's ineffectiveness in "failing to preserve defendant's right to a direct appeal." 356 Ill. App. 3d at 870-71. That separate and distinct

assessment–rendered on an issue defendant had not even raised on appeal–appears to be proffered as both an independent indicator of postconviction counsel's allegedly deficient representation, and as an analytical bridge to salvage defendant's forfeited admonishment issue. Notwithstanding counsel's certificate of compliance, which indicates that counsel fulfilled his obligations under Rule 651(c), the appellate court opined that counsel's review of the prior proceedings in the case was deficient, as the court's concluding remarks indicate:

> "Despite the certification by postconviction counsel, we conclude that defendant did not receive the reasonable level of assistance of counsel required by the Act. In defendant's *pro se* petition, he stated that 'after the plea was entered and sentences imposed, defendant informed his [trial] counsel that he wished to withdraw his guilty plea and defendant asked counsel to file the appropriate papers.' This assertion alone should have alerted postconviction counsel that trial counsel might have been ineffective for failing to preserve defendant's right to a direct appeal. As discussed, Rule 605 admonishments are a necessary antecedent to the filing of such an appeal. [Citation.] We believe that a reasonable review of the guilty plea proceedings would have disclosed that the trial court's admonishments were inadequate under Rule 605(b), a point conceded by the State on appeal. Such a review of the guilty plea proceedings is mandated by Rule 651(c) and, in any event, would be necessary to an investigation of defendant's *pro se* claim of his trial counsel's ineffectiveness. Under these circumstances, we conclude that postconviction counsel rendered unreasonable assistance and that defendant is entitled to an opportunity to move to withdraw his guilty plea." 356 Ill. App. 3d at 870-71.

As we will explain hereafter, we find the appellate court's reasoning flawed, as it ignores established principles of procedural default and it fails to follow established law governing the scope of postconviction counsel's duties. Thus, we cannot subscribe to the court's conclusions or affirm its judgment.

## ANALYSIS

The Post-Conviction Hearing Act (725 ILCS 5/122–1 *et seq.* (West 2000)) provides a means by which a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights. *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). To be entitled to postconviction relief, a defendant must show that he has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged. *Whitfield*, 217 Ill. 2d at 183. Rule 605 admonishments are "not constitutionally required as a matter of due process." *People v. Breedlove*, 213 Ill. 2d 509, 519 (2004).

In cases not involving the death penalty, the Act provides for postconviction proceedings that may consist of as many as three stages. At the first stage, the circuit court has 90 days to review a petition and may summarily dismiss it if the court finds it is frivolous and patently without merit. 725 ILCS 5/122–2.1(a)(2) (West 2000). If the petition is not dismissed within that 90-day period, the circuit court must docket it for further consideration. 725 ILCS 5/122–2.1(b) (West 2000).

At the second stage of postconviction proceedings, counsel may be appointed for defendant, if defendant is indigent. 725 ILCS 5/122–4 (West 2000). Counsel's duties, pursuant to Rule 651(c), include consultation with the defendant to ascertain his contentions of deprivation of constitutional right, examination of the record of the proceedings at the trial, and amendment of the petition, if necessary, to ensure that defendant's contentions are adequately presented. 134 Ill. 2d R. 651(c). Fulfillment of the third obligation does not require counsel to advance frivolous or spurious claims on defendant's behalf. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Moreover, "[p]ost-conviction counsel is only required to investigate and properly present the *petitioner's* claims." (Emphasis in original.) *People v. Davis*, 156 Ill. 2d 149, 164 (1993); see also *People v. Vasquez*, 356 Ill. App. 3d 420, 425 (2005). We note that a defendant in postconviction proceedings is entitled to only a "reasonable" level of assistance, which is less than that afforded by the federal or state constitutions. *People v. Munson*, 206 Ill. 2d 104, 137 (2002).

After counsel has made any necessary amendments to the petition, the State may move to dismiss a petition or an amended petition pending before the court. 725 ILCS 5/122–5 (West 2000). If that

motion is denied, or if no motion to dismiss is filed, the State must answer the petition, and, barring the allowance of further pleadings by the court, the proceeding then advances to the third stage, a hearing wherein the defendant may present evidence in support of the petition. 725 ILCS 5/122–6 (West 2000).

Throughout the second and third stages of a postconviction proceeding, the defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Coleman*, 206 Ill. 2d 261, 277 (2002); *Edwards*, 197 Ill. 2d at 246. At the second stage of proceedings, all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true, and, in the event the circuit court dismisses the petition at that stage, we generally review the circuit court's decision using a *de novo* standard. *People v. Childress*, 191 Ill. 2d 168, 174 (2000). When a petition is advanced to a third-stage, evidentiary hearing, where fact-finding and credibility determinations are involved, we will not reverse a circuit court's decision unless it is manifestly erroneous. *Childress*, 191 Ill. 2d at 174. If no such determinations are necessary at third stage, *i.e.*, no new evidence is presented and the issues presented are pure questions of law, we will apply a *de novo* standard of review, unless the judge presiding over postconviction proceedings has some "special expertise or familiarity" with the trial or sentencing of the defendant and that "familiarity" has some bearing upon disposition of the postconviction petition. See *People v. Caballero*, 206 Ill. 2d 65, 87-88 (2002).

Before we proceed further in our analysis, we will first summarize the circumstances of defendant's case. The circuit court advanced defendant's petition to the second stage of postconviction proceedings, thus affording defendant the advantages of appointed counsel. Clearly, postconviction counsel examined defendant's *pro se* petition and the record–in particular the transcript of the sentencing hearing–in the course of filing an amended petition that expanded upon the sentencing issues which were the focus of defendant's *pro se* petition, and in arguing those sentencing issues to the circuit court. The transcript of the sentencing hearing concluded with the Rule 605 admonishments at issue: admonishments that were adequate to apprise defendant of the steps necessary to preserve and appeal the sentencing issues which he ultimately raised in postconviction proceedings, but were inadequate to advise defendant of the procedure for challenging

his plea of guilty, *if* that is what defendant intended to do.

The circuit court properly advised defendant that he had to first file a motion to reconsider the sentence if he wanted to appeal his sentence. Defendant does not suggest that he ever asked trial counsel to do that. Although the circuit court did not advise defendant that he had to file a motion to withdraw his guilty plea if he wanted to challenge some other aspect of the proceeding, since defendant claims that he directed trial counsel to file that very motion, it is difficult to discern how defendant would have been prejudiced by the court's incomplete admonishment.

In either case, as the appellate court acknowledged, even a liberal reading of defendant's petitions reveals no reference to an admonishment issue in either the defendant's *pro se* petition or the amended petition. 356 Ill. App. 3d at 869. As noted, there *is* an allegation in defendant's *pro se* petition that defendant directed trial counsel to file a motion to withdraw guilty plea, and counsel failed to do so, but that allegation bears no rational relationship to an admonishment issue, given the circumstances of this case. The admonishment issue aside, we emphasize that defendant's *pro se* postconviction petition was only a page and a half in length. It seems unlikely that postconviction counsel could have overlooked any issue therein. If, as is the case here, counsel chose not to include a certain claim from defendant's *pro se* petition in an amended petition, one might well infer that counsel made a decision not to pursue it.

In any event, we need not resolve this case on the merits of defendant's arguments because defendant has forfeited the admonishment issue under general principles of procedural default. Pursuant to principles set forth in our analyses in *Jones* and *Davis*, the admonishment issue is forfeited because defendant did not raise the issue in either his *pro se* petition or an amended petition. See *Jones*, 213 Ill. 2d at 505 (observing that "this court has generally held that a claim not raised in a petition cannot be argued for the first time on appeal"); *Davis*, 156 Ill. 2d at 158-60 (stating that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived"). Defendant did not claim in either his *pro se* petition or his amended petition that the Rule 605 admonishments given him were inadequate. Thus, that issue is forfeited. As we noted in *Jones*, "our appellate court has repeatedly

overlooked the waiver language of [the Act] and has addressed claims raised for the first time on appeal for various and sundry reasons." *Jones*, 213 Ill. 2d at 506. The appellate court's disposition in this case is yet another example of that inappropriate propensity.

With respect to the deficient-assistance prong of the appellate court's analysis, we note that defendant cannot successfully maintain that postconviction counsel rendered deficient assistance in failing to raise the admonishment issue, because "[p]ost-conviction counsel is only required to investigate and properly present the *petitioner's* claims." (Emphasis in original.) *Davis*, 156 Ill. 2d at 164. In that regard, Rule 651(c) only requires postconviction counsel to examine as much of the record "as is necessary to adequately present and support those constitutional claims raised by the petitioner." *Davis*, 156 Ill. 2d at 164. Defendant did not raise an admonishment issue in his *pro se* petition. While postconviction counsel *may* conduct a broader examination of the record (*Davis*, 156 Ill. 2d at 164), and may raise additional issues if he or she so chooses, there is no obligation to do so.

Finally, we observe that defendant has also forfeited any contention that trial counsel was ineffective for failing to file a motion to withdraw guilty plea–and that postconviction counsel was deficient for failing to argue that point–as defendant apparently did not preserve that claim by raising it in the appellate court. See *Unzicker v. Kraft Food Ingredients Corp.*, 203 Ill. 2d 64, 73 (2002) ("issues that the appellant fails to raise in the appellate court are waived for purposes of our review").

Defendant is, of course, free to pursue any defaulted claims he believes to be of merit by filing a successive postconviction petition in the circuit court in accordance with the "cause and prejudice" guidelines set forth in *People v. Pitsonbarger*, 205 Ill. 2d 444 (2002). See also 725 ILCS 5/122–1(f) (West 2004) (codifying the cause-and-prejudice test effective January 1, 2004). Pursuant to those guidelines, defendant will have to demonstrate "cause" for failing to raise the error in prior proceedings and actual "prejudice" resulting from the claimed error. See *People v. Jones*, 211 Ill. 2d 140, 148-50 (2004).

For the foregoing reasons, the judgment of the appellate court is reversed, and that of the circuit court is affirmed.

-13-

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*

JUSTICE BURKE took no part in the consideration or decision of this case.