**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190300-U

Order filed June 23, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0300 Circuit No. 10-CF-437 |
| JEFFREY A. ADKINSON, | ) ) ) | Honorable Michael D. Risinger, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) Defendant made a substantial showing that trial counsel provided ineffective assistance when he withdrew his motion for a fitness evaluation.
(2) Postconviction counsel failed to comply with Rule 651(c).

¶ 2    Defendant, Jeffrey A. Adkinson, appeals from the Tazewell County circuit court's

second-stage dismissal of his postconviction petition. First, defendant argues that the court erred

in dismissing his petition because he made a substantial showing of ineffective assistance of trial

counsel. Second, defendant contends that postconviction counsel did not comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). We reverse and remand with directions.

¶ 3                                                    I. BACKGROUND

¶ 4        The State charged defendant by indictment with two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2010)) and one count of predatory criminal sexual assault of a child (*id.* § 12-14.1(a)(1)).

¶ 5        On September 9, 2010, counsel filed a motion raising a *bona fide* doubt of defendant's fitness and requesting a fitness evaluation. The motion indicated counsel's observations of defendant during an interview in the jail. Counsel indicated that defendant was noncommunicative, did not properly care for himself, heard voices that taunted him and told him to do things, spoke in a low voice so rapidly that he could not be understood, refused to be brought from the jail to court, was either unwilling or unable to eat, and had been delusional for a consistent period of time.

¶ 6        On December 14, 2010, counsel reported that defendant was entering a guilty plea and counsel was withdrawing his motion raising a *bona fide* doubt of defendant's fitness. Counsel noted on that date and one previous meeting, defendant was "lucid, coherent, understanding, comprehending, [and] able to communicate." Subsequently, defendant entered a negotiated guilty plea to all three charges in exchange for concurrent 3-year sentences on the two aggravated criminal sexual abuse charges and a consecutive 12-year sentence on the predatory criminal sexual assault of a child charge. Prior to accepting defendant's plea, the court inquired whether defendant was taking any drugs or medication. Defendant indicated that he was taking two drugs "for psychotic." Defendant affirmed that he was taking those medications as directed, he was thinking clearly, and he understood the proceedings and his conversations with counsel.

¶ 7     Following the State's factual basis, the court asked defendant if the recitation was accurate. Defendant responded, "I guess, yeah. I say yes, because I don't remember half of it, Your Honor, so I can't really—I would go with the flow, but yes." The court accepted defendant's negotiated plea. Defendant did not file a postplea motion or notice of appeal.

¶ 8     On March 25, 2013, defendant filed a postconviction petition as a self-represented litigant. In his petition, defendant argued that he received ineffective assistance of counsel because, in part, trial counsel proceeded with the case despite defendant's known medical issues. The court appointed postconviction counsel, who filed an amended petition but failed to supplement the petition with defendant's medical records. The court dismissed defendant's petition.

¶ 9     On appeal, we found that postconviction counsel was ineffective for failing to include in the amended petition trial counsel's initial fitness concerns and defendant's medical and mental health records from the county jail. *People v. Adkinson*, 2016 IL App (3d) 140241-U, ¶ 13. We remanded with directions to appoint new counsel for second-stage proceedings.

¶ 10     On remand, newly appointed postconviction counsel requested a fitness evaluation, and defendant was found unfit on May 8, 2018. On September 6, 2018, postconviction counsel filed an amended petition for second-stage postconviction proceedings. Postconviction counsel's amended petition alleged that trial counsel was ineffective for allowing defendant to plead guilty "when he did not have the mental faculties to plead guilty, especially because of the medications the Defendant was receiving." Counsel did not file a Rule 651(c) certificate.

¶ 11     Postconviction counsel attached defendant's medical records from the county jail and information regarding defendant's prescriptions. The records show defendant's prescriptions and how often the jail administered those prescriptions from September to December 2010.

Specifically, defendant was taking Haldol, and its side effects include loss of balance and control, dizziness, lightheadedness or fainting, hallucinations, and confusion. On October 11, 2018, the court found defendant fit and continued the postconviction proceedings.

¶ 12    Defendant's medical records documented that a few months prior to defendant's plea in 2010, defendant heard voices and had suicidal thoughts. Defendant was prescribed five milligrams of Haldol. Following the prescription, reports indicated that defendant felt better, heard less voices, and seemed to be "grounded in reality." Later, defendant exhibited acute symptoms of anxiety and depression. Following these symptoms, and prior to defendant's plea, defendant's Haldol prescription was raised from 5 milligrams to 10 milligrams.

¶ 13    The court dismissed defendant's petition. Defendant appealed.

¶ 14                                    II. ANALYSIS

¶ 15                            A. Postconviction Claim

¶ 16    Defendant argues that the court erred when it dismissed his second-stage postconviction petition because he made a substantial showing of ineffective assistance of trial counsel. Defendant contends that trial counsel was ineffective for failing to persist in his request for a fitness evaluation and allowing defendant to plead guilty.

¶ 17    The Post-Conviction Hearing Act permits a criminal defendant to challenge the proceedings which resulted in his conviction by asserting that "there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2018). At the second stage of postconviction proceedings, the circuit court must assume the truth of the allegations contained in the petition and the attached documentation unless positively rebutted by the record. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). If defendant fails to make a substantial showing that he suffered a constitutional

4

violation, the petition is dismissed. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). Where a substantial showing of a constitutional violation has been established, however, the petition advances to a third-stage evidentiary hearing. *Id.* The substantial showing test is "a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *People v. Domagala*, 2013 IL 113688, ¶ 35.

¶ 18        To merit an evidentiary hearing on an ineffective assistance claim, the defendant must make a substantial showing that counsel's performance was deficient, and that the deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Generally, matters of trial strategy are not subject to claims of ineffective assistance of counsel. *People v. Manning*, 241 Ill. 2d 319, 327 (2011). Under the deficient performance prong, defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms. *Domagala*, 2013 IL 113688, ¶ 36. Under the prejudice prong, the question is not whether a different verdict would have been reached, but whether counsel's performance undermined confidence in the outcome. *People v. Evans*, 209 Ill. 2d 194, 220 (2004). In *People v. Harris*, 206 Ill. 2d 293 (2002), our supreme court explained the prejudice requirement where defendant alleges that counsel failed to request a fitness hearing.

>        "To establish that the failure to request a fitness hearing prejudiced a
>        defendant within the meaning of *Strickland*, a defendant must show that facts
>        existed at the time of trial that would have raised a *bona fide* doubt of his ability
>        'to understand the nature and purpose of the proceedings against him or to assist
>        in his defense.' [Citations.] 'Defendant is entitled to relief *** only if he shows
>        that the trial court would have found a *bona fide* doubt of his fitness and ordered a

5

fitness hearing if it had been apprised of the evidence now offered.' " *Id.* at 304 (quoting *People v. Easley*, 192 Ill. 2d 307, 319 (2000)).

¶ 19    There are no fixed signs demonstrating a need for a fitness inquiry, and each case is fact specific. *People v. Tuduj*, 2014 IL App (1st) 092536, ¶ 87. The issue is whether a defendant could understand the proceedings and cooperate with counsel in his defense. *Easley*, 192 Ill. 2d at 323. Factors to determine whether a *bona fide* doubt exists include defendant's irrational behavior, defendant's demeanor at trial, and prior medical opinions on defendant's competence to stand trial. *Tuduj*, 2014 IL App (1st) 092536, ¶ 88.

¶ 20    In the present case, defendant's petition made a substantial showing that trial counsel provided deficient performance. As described in defendant's petition and supporting medical records, three months before the entry of defendant's guilty plea, trial counsel observed defendant's mental health issues and raised a *bona fide* doubt as to defendant's fitness and requested a fitness evaluation. Despite defendant's apparent mental health concerns, trial counsel withdrew his request for a fitness evaluation and proceeded to a guilty plea hearing. After reviewing the record, we see no strategic reason to withdraw trial counsel's request for a fitness evaluation. See *Harris*, 206 Ill. 2d at 303; see also *Strickland*, 466 U.S. at 689. Therefore, defendant's petition made a substantial showing that trial counsel's performance was deficient for not continuing to pursue the fitness concerns.

¶ 21    Defendant's petition also made a substantial showing that trial counsel's withdrawal of his request for a fitness evaluation prejudiced defendant. The allegations in the petition and medical records substantially established a *bona fide* doubt as to defendant's ability to understand the nature and purpose of the proceedings and assist in his defense. According to the petition and medical records, defendant's mental health issues included hearing voices, suicidal

6

thoughts, and incoherent mumbling. Additionally, defendant was taking psychotropic medication that was known to cause loss of balance and control, dizziness, lightheadedness or fainting, hallucinations, and confusion. Given these allegations, we find that counsel's failure to persist in his request for a fitness evaluation arguably prejudiced defendant.

¶ 22    Accordingly, the petition made a substantial showing of ineffective assistance of counsel. We reverse the court's dismissal of defendant's petition and remand the cause for a third-stage evidentiary hearing. See *Evans*, 209 Ill. 2d at 220.

¶ 23                                B. Illinois Supreme Court Rule 651(c)

¶ 24    Defendant also argues that postconviction counsel did not comply with Rule 651(c). The State concedes this issue. However, our ruling on the first issue renders analysis of the Rule 651(c) issue unnecessary. Nevertheless, we caution counsel on remand to comply with the mandates of Rule 651(c) and file the required certificate. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 25                                III. CONCLUSION

¶ 26    The judgment of the circuit court of Tazewell County is reversed and remanded with directions.

¶ 27    Reversed and remanded with directions.