**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240492-U

Order filed May 14, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-24-0492 Circuit No. 18-CF-601 |
| DARRIUS D. BROWN, | ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Brennan and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The circuit court did not err in summarily dismissing the defendant's postconviction petition at the first stage of proceedings.

¶ 2     The defendant, Darrius D. Brown, appeals from the first-stage dismissal of his postconviction petition. He argues that the Will County circuit court erred when it summarily dismissed his petition where it pleaded the gist of a claim that trial counsel provided ineffective assistance when he failed to investigate a potential defense regarding the cause of the victim's injuries.

¶ 3                                 I. BACKGROUND

¶ 4         On April 18, 2018, the State indicted the defendant on two counts of aggravated battery
(720 ILCS 5/12-3.05(a)(1), (f)(1) (West 2018)), two counts of aggravated domestic battery
(*id.* § 12-3.3(a)), unlawful restraint (*id.* § 10-3(a)), intimidation (*id.* § 12-6(a)(1)), two counts of
unlawful use of a weapon by a felon (UUWF) (*id.* § 24-1.1(a)), domestic battery (*id.* § 12-
3.2(a)(2)), and resisting a peace officer (*id.* § 31-1(a)). The case proceeded to a bench trial.

¶ 5         Relevant to this appeal, Jamie Hollingsworth testified that she and the defendant were in a
romantic relationship and had a child together. Hollingsworth had five other children from prior
relationships. Hollingsworth testified that she lived with the defendant and her six children at the
time of the incident. In February 2018, Hollingsworth was hospitalized with a head injury that she
sustained by hitting her head in her bedroom. She did not recall how she hit her head. She suffered
from memory loss after the incident and only told officers that the defendant had injured her
because that is what she had been told at the hospital. Hollingsworth testified that she did not
believe the defendant caused her injuries.

¶ 6         Hollingsworth's children testified that they had, on prior occasions, heard her and the
defendant fighting in their bedroom. Hollingsworth would leave the bedroom infrequently and
when the children saw her, they observed bruising and cuts to her face. Hollingsworth's son,
Brenton Bishop, testified that on February 13, 2018, he observed that Hollingsworth was "swollen
up really bad," bruised, limp, and largely unresponsive. She was bleeding both facially and
rectally. Bishop wanted to call an ambulance to take her to a nearby hospital. The defendant
insisted that Bishop take her to a hospital located further away and instructed him to say that he
found Hollingsworth hurt in an alley, "injured by some unknown person," and left there until he

picked her up. Bishop indicated that the defendant threatened him to "stick to the story." Officers spoke with Hollingsworth at the hospital, but she was unable to remember what had occurred.

¶ 7 Dr. Andrew Dennis, the division chair of prehospital and emergency trauma surgery at Stroger hospital, testified as an expert in the areas of "[g]eneral surgery, trauma surgery, burn surgery, and use of force." On February 13, 2018, Dennis was working as an attending physician, responsible for supervising other doctors and staff. He indicated that he would also be responsible for "knowing the patient's chart" and working with the resident physicians to determine patient care plans. The evidence presented regarding Hollingsworth's injuries revealed that she suffered 14 broken bones on both sides of her face, three broken ribs, and significant bruises on her arms, legs, torso, head, and neck. Hollingsworth's neck had ligature marks which are "usually associated with a device being placed and tightened around the neck." Hollingsworth also had blood "in the vaginal vault and around the rectum." She suffered an anoxic brain injury from lack of oxygen to the brain, memory loss, subdural hematoma, retinal nerve damage, and vision loss.

¶ 8 Dennis testified that based on Hollingsworth's physical appearance, she suffered intentional blunt force trauma. Dennis opined that it was not possible to sustain such injuries from a fall. He also stated that the injuries were inconsistent with a seizure because seizures "typically result[ ] in a fall, *** one single impact to one area." The evidence demonstrated that Hollingsworth suffered damage to multiple areas all over her body. Dennis indicated that old fractures would appear on the imaging in addition to any new fractures. He explained that "old fractures are clearly differentiated from new fractures because old fractures have sclerosis or scarring and calcifications and thickened calcifications within the fracture." Accordingly, it was "very easy" to determine which fractures were old or new. He stated that the fractures he described during his testimony were all new.

¶ 9        The court granted the defense's motion for a directed verdict regarding seven counts. At the close of trial, the court found the defendant guilty of aggravated domestic battery, UUWF, and resisting a peace officer. On May 3, 2021, a hearing was held on the defendant's motion for a new trial. The defendant argued, *inter alia*, that trial counsel refused to impeach Bishop with a statement made to hospital staff that Hollingsworth's injuries were caused by a seizure and claimed Dennis lied at trial when he testified that the victim had 14 acute fractures; the defendant asserted Hollingsworth only had 2 new fractures. The court allowed the defendant to call trial counsel to testify regarding these claims.

¶ 10        Trial counsel testified he believed the State's case was circumstantial and speculative which led him to argue that the evidence presented was insufficient to establish the defendant's guilt as a result. He explained that because Hollingsworth stated that she had not been beaten and there were no eyewitnesses to the event, he believed they "had a pretty good case." Counsel decided on this trial strategy after speaking with the defendant, reviewing the police and medical reports, and speaking with co-counsel. He stated that he took the defendant at his word when the defendant told him that some of Hollingsworth's injuries were old. Having reviewed the medical reports, counsel did not believe that calling a radiologist to testify would be relevant. Further, he did not attempt to impeach Dennis's testimony regarding Hollingsworth's broken ribs because he did not believe he was lying and did not have anything to impeach him with. Counsel indicated that had there been an eyewitness, his strategy would likely have been different.

¶ 11        The court denied the defendant's motion for a new trial. The defendant was sentenced to eight years' imprisonment for aggravated domestic battery, to be served concurrently with six years' imprisonment for UUWF and 100 days in jail for resisting a peace officer. We affirmed the defendant's convictions and sentences. *People v. Brown*, 2023 IL App (3d) 210181, ¶ 62. The

defendant did not raise a claim of ineffective assistance of counsel for failure to investigate a potential defense regarding Hollingsworth's injuries.

¶ 12        Subsequently, the defendant filed a postconviction petition alleging, *inter alia*, that trial counsel was ineffective for failing to investigate Dennis and impeach him with Hollingsworth's medical records. He argued that counsel admitted he did not investigate Hollingsworth's injuries and failed to challenge the State's medical evidence. The defendant asserted that appellate counsel was aware of these issues and was ineffective for failing to raise them on direct appeal. The defendant attached a personal affidavit which averred that Hollingsworth had been prescribed Xanax and continued to take the medication after her prescription had expired. While attempting to have a conversation with him, Hollingsworth fell to the floor and began to shake. He held her tongue and provided her with two milligrams of Xanax. The defendant noted that seizures are a side effect of Xanax withdrawal. When the defendant believed the seizure was concluded, he placed Hollingsworth on the bed. She began to move after several minutes and fell off the bed, striking the right side of her head. The defendant indicated that Hollingsworth was menstruating at the time and he had, subsequently, removed her tampon when helping her urinate but did not feel comfortable reinserting it afterward. Hollingsworth was transported to Stroger hospital. The defendant also attached an affidavit from Hollingsworth and her medical records from Stroger hospital, which indicated that a different doctor was her attending physician. Dennis was not mentioned in the submitted records. The attached records indicated, *inter alia*, that Hollingsworth had suffered an acute fracture of her left orbital bone, a trapdoor type fracture of her left inferior orbital wall, an acute fracture of the tympanic portion of her right temporal bone, bilateral nasal fractures, a fractured bony nasal septum, hematomas, and brain swelling, in addition to three

5

fractured ribs on her right side. The court summarily dismissed the defendant's petition, finding it to be without merit. The defendant appealed.

¶ 13                                                                II. ANALYSIS

¶ 14        On appeal, the defendant argues that his petition made an arguable claim that trial counsel was ineffective for failing to investigate his defense that Hollingsworth's injuries were the result of a seizure. Specifically, the defendant argues that trial counsel's failure to present competing expert testimony, failure to investigate Hollingsworth's injuries, and very brief cross-examination of Dennis establish an arguable claim of ineffective assistance.

¶ 15        The Post-Conviction Hearing Act (Act) enables imprisoned criminal defendants to collaterally attack their convictions or sentences based on a substantial denial of their constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2024). The Act provides three stages of proceedings. *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006).

¶ 16        "At the first stage, the court must accept as true and liberally construe all of the allegations in the petition unless contradicted by the record." *People v. Walker*, 2019 IL App (3d) 170374, ¶ 13. To survive summary dismissal, a defendant must only state the gist of a constitutional claim, which is a low threshold. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). "At this stage, a defendant need not make legal arguments or cite to legal authority." *Id.* "If the trial court finds in the first stage of proceedings that the petition is frivolous or patently without merit, it shall summarily dismiss the petition ***." *People v. Moore*, 2018 IL App (3d) 160271, ¶ 15. A petition is considered frivolous if it has no arguable basis in law or fact. *People v. Hodges*, 234 Ill. 2d 1, 11-13, 16 (2009). Where the court dismisses the petition at the first stage, our review is *de novo*. *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 17    "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. In the context of first-stage postconviction proceedings, to demonstrate sufficient prejudice, it must be arguable that had counsel performed adequately, a significantly less than 50% chance exists of a different outcome. *People v. Lucious*, 2016 IL App (1st) 141127, ¶ 45 ("prejudice may be found even when the chance that minimally competent counsel would have won an acquittal is significantly less than 50 percent, as long as a verdict of not guilty would be reasonable" (internal quotation marks omitted)). Failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Patterson*, 192 Ill. 2d 93, 107 (2000). Actions that are considered matters of trial strategy are accorded great deference by the court and "are generally immune from claims of ineffective assistance of counsel." *People v. West*, 187 Ill. 2d 418, 432 (1999). However, trial strategy arguments are generally "inappropriate for the first stage, where the test is whether it is arguable that counsel's performance fell below an objective standard of reasonableness and whether it is arguable that the defendant was prejudiced." *Tate*, 2012 IL 112214, ¶ 22.

¶ 18    Here, the defendant asserted that trial counsel's failure to investigate Hollingsworth's injuries and meaningfully challenge Dennis's testimony at trial arguably prejudiced the defendant given the importance of the testimony due to the lack of direct evidence that the defendant had committed a battery. Taking the contents of the defendant's petition and attachments as true, he cannot establish that he was arguably prejudiced by this failure. The defendant asserts that Hollingsworth had a seizure and fell to the floor. She subsequently fell from the bed and struck the right side of her head. Further, he explained that the blood which was present in her vaginal vault

7

was due to menstruation and her bruising was from a prior altercation with another individual. Even assuming that the bleeding and bruising were not from a battery occurring on February 13, 2018, the medical records attached by the defendant indicate that Hollingsworth had several acute fractures on both the left and right side of her body. No amount of testimony regarding Hollingsworth striking the right side of her head would account for the injuries listed in the attached medical records. Accordingly, it is not arguable that the result would be different where a seizure or fall results in injuries to one area of the body and the attached medical records clearly demonstrate multiple acute fractures in multiple areas of Hollingsworth's body.

¶ 19        Moreover, while matters of trial strategy generally cannot be the basis for affirming a first-stage dismissal, we note that trial counsel testified that he reviewed the police reports and medical documentation and spoke with the defendant regarding the evidence before selecting his trial strategy. Counsel's strategy, while not completely successful, did result in an acquittal on 7 out of 10 of the charges against the defendant. With no eyewitness and Hollingsworth's testimony that the defendant did not strike her, we cannot say that counsel's choice to focus on the sufficiency of the circumstantial evidence was so unreasonable and irrational that no effective defense counsel would pursue it. Additionally, trial counsel reviewed the evidence and made an informed decision about what might be relevant and what, if any, impeachment should be pursued.

¶ 20        Because the defendant's petition fails to demonstrate that he was arguably prejudiced by trial counsel's performance, we affirm the court's summary dismissal of the defendant's postconviction petition.

¶ 21                                III. CONCLUSION

¶ 22        The judgment of the circuit court of Will County is affirmed.

¶ 23        Affirmed.

8