2020 IL App (1st) 181275-U

No. 1-18-1275

Order filed July 31, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 18698 |
| | ) | |
| DIMITAR MARKOVSKI, | ) | Honorable |
| | ) | William Timothy O'Brien, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the dismissal of defendant's postconviction petition. He raises a claim for the first time on appeal which he did not include in his postconviction petition.

¶ 2   Defendant Dimitar Markovski appeals from an order of the circuit court dismissing his second-stage petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). On appeal, he argues plea counsel was ineffective for advising him

to plead guilty to burglary where the factual basis for the plea was insufficient to establish the elements of the offense "as a matter of law." For the following reasons, we affirm.

¶ 3    On January 13, 2014, defendant pleaded guilty to burglary and was sentenced to 30-months' felony probation.[1] The court admonished him of his rights and the charges and possible penalties and verified that he wanted to waive his right to a trial. It warned him of possible immigration consequences of a conviction.

¶ 4    The factual basis for the plea showed that, on October 7, 2011, defendant and codefendant "Hristov" entered a Chase Bank ATM vestibule on the 5500 block of North Clark Street in Chicago.[2] Chase Bank employee Sean Whalen observed the two men affixing a magnetic card reader to the outer door. The reader is designed to capture card information from the magnetic strip on debit cards that are used to enter the ATM vestibule. Whalen additionally observed the men put at the top of the ATM machine a pinhole camera, which is used to capture pin numbers as they are entered by individuals using the ATM machine to withdraw money. Whalen contacted the Chicago Police Department. After approximately one hour, both defendants returned to the ATM and began to remove the devices they had placed on the door and ATM. Police officers arrested the men and examined the magnetic card reader, which was found to contain approximately 26 financial debit card numbers and corresponding pin numbers. The parties would stipulate that "the burglary took

---

[1] Neither the charging document nor sentencing order is included in the record on appeal. However, the report of proceedings of the plea hearing shows defendant was charged with and convicted of burglary for knowingly, without authority, entering a building being the property of JP Morgan Chase Bank with the intent to commit therein the felony offense of identity theft on October 7, 2011. 720 ILCS 5/19-1(a)(1) (West 2010).

[2] Codefendant Hristov's first name does not appear in the record. He pled guilty to burglary at the same time as defendant. He is not a party to this appeal.

place in Cook County" and defendant was over 18 years old. Defendant stipulated to the factual basis.

¶ 5 The court accepted the plea and found defendant understood the nature of the charge against him, the possible penalties involved, and his rights under the law; the plea was made freely and voluntarily; and a factual basis supported the plea. The court subsequently found defendant guilty, and the State nol-prossed "Counts 2 and 3."[3] Defendant waived his right to a presentence investigation report and was sentenced, pursuant to the plea, to 30 months' felony probation. The court then informed defendant of his rights regarding an appeal, including that he must first file a written motion to withdraw his plea with the clerk of the court within 30 days. Defendant stated he understood his rights. He did not file a motion to vacate his plea or a direct appeal.

¶ 6 On April 5, 2016, defendant, with the assistance of counsel, filed a postconviction petition, alleging his plea counsel rendered ineffective assistance by (1) having a "representative" of plea counsel appear with defendant at the plea hearing, who advised him to plead guilty "to the offense of burglary even though there was no evidence that he was ever in the [bank] branch" or "that he even entered the vestibule of the bank" and was instead arrested on the street nearby the bank; (2) failing to file a motion to quash arrest and suppress evidence; and (3) having a "representative" of plea counsel erroneously advise defendant that he would face a "lengthy prison sentence" and his

---

[3] The common law record before us does not contain any documents preceding the filing of the post-conviction petition, including the charging instruments. In his appellate brief, defendant characterizes the two nol-prossed counts as "identity theft" while the State in its brief characterizes the counts as "possession of a document-making implement." The postconviction half sheets show counts 2 and 3 were for violations of section 16g-15(a)(5) of the Criminal Code of 1961: "identity theft" where the offender knowingly "uses, transfers, or possesses document-making implements to produce false identification or false documents with knowledge that they will be used by the person or another to commit any felony theft or other felony violation of State law." 720 ILCS 5/16g-15(a)(5) (West 2010) (recodified at 720 ILCS 5/16-30(a)(5)).

guilty plea would not impact his immigration status. Defendant alleged the "sum total" of representation was "unquestionably ineffective," and he suffered irreparable harm relating to his immigration status. Defendant acknowledged he was informed of the potential immigration consequences by the trial court at the plea hearing but "heeded the advice given to him by the attorney who appeared" for plea counsel and, had he been properly advised, he would have not pled guilty. The petition referenced "*Strickland v. Washington*," but otherwise contained no citations to legal authority.

¶ 7    Attached to defendant's petition was his own affidavit stating he had read the petition and the allegations contained therein were true and correct. Defendant additionally attached a letter from an immigration attorney detailing the "likely" immigration consequences of defendant's guilty plea, given he was a "non-citizen."

¶ 8    On April 11, 2016, the court docketed defendant's petition for further proceedings. The State filed a motion to dismiss the petition on November 16, 2016.

¶ 9    On March 23, 2018, following a hearing, the court dismissed defendant's petition. At the hearing, postconviction counsel argued defendant's plea was not knowing and voluntary because "it was done relying on the advice not of [plea counsel] Mr. Goldman who was his retained attorney, but an attorney who showed up the first time on that day to represent him." Counsel acknowledged the court admonished defendant of the deportation consequences of his guilty plea, but further argued that defendant would not have pled guilty had he known that he would be deported as a consequence. The court found the record showed defendant's plea was voluntary, he was advised of the consequences of pleading guilty, and there was no indication of "any constitutional violations in his knowing and voluntary plea."

¶ 10    On appeal, defendant argues the court erred in dismissing his postconviction petition because the record showed plea counsel was ineffective for advising him to plead guilty to burglary where the factual basis for the plea was insufficient to "support a burglary conviction as a matter of law."

¶ 11    The Act provides for a three-stage process by which a defendant may assert his conviction was the result of a substantial denial of his constitutional rights. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). At the first stage, the trial court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). If the petition is not dismissed within 90 days at the first stage, counsel is appointed and it advances to the second stage. 725 ILCS 5/122-2.1(a), (b) (West 2016).

¶ 12    This case involves the second stage of postconviction proceedings. At the second stage, the dismissal of a petition is warranted only when the allegations in the petition, liberally construed in light of the original trial record, fail to make a substantial showing of a constitutional violation. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). At this stage, the trial court is "concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity which would necessitate relief under the Act" (*People v. Coleman,* 183 Ill. 2d 366, 380 (1998)), and "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true" (*People v. Pendleton,* 223 Ill. 2d 458, 473 (2006)). The defendant "bears the burden of making a substantial showing of a constitutional violation." *Id.* We review *de novo* the trial court's dismissal of defendant's postconviction petition without an evidentiary hearing. *Id*.

¶ 13    Without citing to any case law, defendant argues plea counsel was ineffective for advising defendant to plead guilty where the factual basis of the plea failed to establish the elements of

burglary, a Class 2 offense (720 ILCS 5/19-1(a)(1), (b) (West 2010)). Specifically, defendant argues that the burglary statute requires that "the offender must lack authority to be present within the building, and do so with the intent to commit a felony or theft," and he did not "lack authority" to enter the bank because he entered during business hours when it was open to the public. He contends counsel thus was ineffective in advising him to plead guilty to burglary where the facts did not establish he lacked authority to enter the bank. Defendant asserts had counsel rendered effective assistance, he would have been convicted of identity theft, a Class 4 offense (see 720 ILCS 5/16g-15(a)(5), (d)(2) (West 2010) (recodified at 720 ILCS 5/16-30(a)(5), (e)(1)(b)). In response, the State argues that defendant abandoned the claims set forth in his petition and raises the above issue for the first time on appeal. The State therefore contends that he forfeited review of his claim on appeal.[4] The State also argues, based on *People v. Johnson*, 2019 IL 123318, that the factual basis for the defendant's plea was sufficient to support a conviction for burglary, because he entered the bank with the intent to commit a crime therein.

¶ 14 "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2016); see also *Pendleton,* 223 Ill. 2d at 475 (reiterating our supreme court's earlier holdings that a claim not raised in a postconviction petition cannot be raised for the first time on appeal). This court lacks the authority to excuse the waiver caused by defendant's failure to include issues in his postconviction petition. *People v. Reed*, 2014 IL App (1st) 122610, ¶ 43 (citing *People v. Jones,* 213 Ill. 2d 498, 507-08 (2004)). The Illinois Supreme Court has criticized this court for improperly overlooking the waiver provision

---

[4] Defendant did not file a reply brief and, therefore, has not responded to the State's argument that his claim is forfeited.

of the Act and addressing " 'claims raised for the first time on appeal for various and sundry reasons.' " *Pendleton,* 223 Ill. 2d at 475 (quoting *Jones,* 213 Ill. 2d at 506).

¶ 15    Here, we agree with the State that defendant waived the argument that his plea counsel was ineffective for advising him to plead guilty to burglary where the factual basis failed to support a burglary conviction because it was not included in his petition. 725 ILCS 5/122-3 (West 2016); *Pendleton,* 223 Ill. 2d at 475. Defendant did assert in his petition that plea counsel was ineffective for advising him to plead guilty "even though there was no evidence that he was ever in the branch." However, even construing defendant's petition liberally, as we must at this stage (*Hall*, 217 Ill. 2d at 334), his argument on appeal, although also couched as ineffective assistance of plea counsel, is entirely different: the factual basis was insufficient to support a burglary conviction because he was not "without authority" to enter the bank branch and the facts instead support an identity theft conviction. Because defendant did not include this issue in the petition, we are without authority to grant him relief. *Reed*, 2014 IL App (1st) 122610, ¶ 43; *Jones,* 213 Ill. 2d at 507-08.

¶ 16    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 17    Affirmed.