2022 IL App (2d) 210409-U
No. 2-21-0409
Order filed September 7, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03 CF 3197 |
| CHRISTOPHER ROBINSON, | ) ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The defendant failed to establish cause and prejudice for not raising his claims in his initial postconviction petition.

¶ 2    The defendant, Christopher Robinson, appeals from the trial court's dismissal of his successive postconviction petition at the second stage under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2018)).  On appeal, the defendant argues that the trial court erred in dismissing his petition or, alternatively, that postconviction counsel rendered unreasonable assistance.  We affirm.

¶ 3                                         I. BACKGROUND

¶ 4    On January 18, 2006, the defendant was charged in a superseding indictment with the first-degree murder of 13-year-old Shontrelle Graham. The defendant was 18 years old at the time of the offense. The defendant was alleged to have personally discharged a firearm four times into a group of four or five teenage boys in retaliation for a prior gang related shooting. Following a jury trial, the defendant was convicted of first-degree murder and sentenced to 50 years' imprisonment. At sentencing, the trial court stated that it had considered the defendant's lack of criminal history, his transient and abused childhood, his learning disabilities, and his mental health issues.

¶ 5    On direct appeal, the defendant argued that he was denied a fair trial by improper comments made by the prosecutor during rebuttal closing argument. This court affirmed the defendant's conviction and sentence. *People v. Robinson*, No. 2-07-0691 (Apr. 20, 2009) (unpublished order under Supreme Court Rule 23).

¶ 6    The defendant later filed a postconviction petition, arguing that he was deprived of the effective assistance of counsel because his trial counsel failed to seek to suppress his statement to the police based on his diminished mental capacity. The trial court dismissed the petition as frivolous and patently without merit. We reversed the trial court's order and remanded for additional proceedings. *People v. Robinson*, 2012 IL App (2d) 100536-U. The defendant filed an amended postconviction petition that included affidavits and medical records. The trial court granted the State's motion to dismiss the amended petition. This court reversed that dismissal and remanded for a third-stage evidentiary hearing. *People v. Robinson*, No. 2-17-0561 (Dec. 18, 2019) (unpublished order under Supreme Court Rule 23(c)(2)). This appeal does not stem from the defendant's initial postconviction petition as the third-stage hearing had not been held as of the time of the filing of the notice of appeal in the present case.

¶ 7      Rather, on June 24, 2020, after the initial postconviction petition was remanded for a third-stage evidentiary hearing, postconviction counsel filed a motion for leave to file a successive postconviction petition. In the successive petition, the defendant noted that he was 18 years old at the time of the offense and argued that his 50-year sentence was a *de facto* life sentence that violated the proportionate penalties clause of the Illinois Constitution. On August 27, 2020, the trial court granted the motion for leave to file the successive petition, finding that it stated the gist of a constitutional claim, and advanced the petition for second-stage proceedings.

¶ 8      On November 6, 2020, the State filed a motion to dismiss the defendant's successive postconviction petition. The State argued that, because the defendant was an adult at the time of the offense, any claim that his sentence violated the eighth amendment based on *Miller v. Alabama*, 567 U.S. 460 (2012), was without merit. The State also argued that it was well established that the defendant's proportionate penalties argument was available pre-*Miller* and thus *Miller* could not be used to establish cause for failing to raise the claim earlier. Thus, the defendant was barred from raising his proportionate penalties argument in a successive postconviction petition.

¶ 9      On May 20, 2021, the defendant filed a response to the motion to dismiss, arguing that the petition demonstrated that the defendant's sentence violated the proportionate penalties provision of the Illinois Constitution. The defendant also argued for the first time that, based on the defendant's young age, mental health problems, and learning disability, the principles in *Miller* should be extended and the trial court should find that his sentence violated the eighth amendment of the U.S. Constitution.

¶ 10     On June 28, 2021, the trial court granted the State's motion to dismiss. The trial court found that the defendant's petition was untimely, that his claims were barred by the doctrine of

waiver, and that his sentence did not violate the proportionate penalties clause. The defendant filed a timely notice of appeal from this order.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, the defendant first argues that the trial court erred in dismissing his successive postconviction petition. The Act allows a defendant to collaterally attack a prior conviction and sentence where there was a substantial violation of the defendant's state or federal constitutional rights. *People v. Gosier*, 205 Ill. 2d 198, 202-03 (2001). The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). As such, a defendant filing a successive postconviction petition must first obtain leave of court. 725 ILCS 5/122-1(f) (West 2018).

¶ 13    To obtain leave to file a successive postconviction petition, a defendant must show "cause" and "prejudice." *Id.* A failure to establish either prong is fatal to the claim. *People v. Smith*, 2014 IL 115946, ¶ 37. "[C]ause" is "an objective factor that impeded [the defendant's] ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f)(1) (West 2018). "[P]rejudice" requires a showing that "the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* § 122-1(f)(2).

¶ 14    The cause-and-prejudice test is higher than the standard applied at a first-stage review of a petitioner's initial petition. *Smith*, 2014 IL 115946, ¶ 35. To survive a first-stage review, a petition needs only to allege a claim with an arguable basis in law or fact. *People v. Tate*, 2012 IL 112214, ¶ 9. When faced with a motion for leave to file a successive postconviction petition, the court conducts "a preliminary screening" to determine whether the motion adequately alleges facts that make a *prima facie* showing of cause and prejudice. *People v. Bailey*, 2017 IL 121450, ¶ 24. We

review *de novo* a trial court's decision regarding a motion for leave to file a successive postconviction petition. *Id.* ¶ 13.

¶ 15    When the trial court grants a defendant leave to file a successive petition, it is effectively advanced to the second stage of postconviction proceedings. *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 32.  At the second stage of postconviction proceedings, the State may move to dismiss a petition pending before the court.  725 ILCS 5/122-5 (West 2018).  "Throughout the three-stages in the postconviction process, the State has the 'opportunity to seek dismissal of the petition on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition.'"  *Johnson*, 2019 IL App (1st) 153204, ¶ 35 (quoting *Bailey*, 2017 IL 121450, ¶ 26).  A trial court's second stage dismissal of a defendant's postconviction petition is reviewed *de novo*.  *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).  We may affirm a trial court's judgment on any basis supported by the record.  *People v. Howard*, 2021 IL App (2d) 190695, ¶ 21.

¶ 16    The State asserts that the trial court should have denied the defendant's motion for leave to file a successive postconviction petition because the defendant failed to demonstrate cause and prejudice.  We note that the trial court granted the defendant's motion for leave to file his successive postconviction petition, and advanced the petition to the second stage, without making any finding that the defendant established cause and prejudice for failing to raise his claim in an earlier proceeding.  Because the State can seek dismissal based on a defendant's failure to establish cause and prejudice at any stage in the postconviction process, we will address whether the defendant established cause and prejudice.  See *Johnson*, 2019 IL App (1st) 153204, ¶ 37.

¶ 17    In the present case, the defendant's successive postconviction petition raised a claim that his sentence violated the proportionate penalties clause of the Illinois Constitution.  In addition, in

response to the State's motion to dismiss, the defendant asserted a claim that his sentence violated the eighth amendment of the U.S. Constitution. With respect to the latter argument, we note that the defendant was 18 years old at the time of the offense. The defendant has failed to show that prejudice resulted from the omission of his eighth amendment claim from his initial postconviction petition because "*Miller* simply does not apply to a sentence imposed on one who was at least 18 at the time of his offense." *People v. LaPointe*, 2018 IL App (2d) 160903, ¶ 47; see also *People v. Harris*, 2018 IL 121932, ¶ 61 ("claims extending *Miller* to offenders 18 years of age or older have been repeatedly rejected."). The failure to establish prejudice is a sufficient basis to deny leave to file a successive postconviction petition as to the eighth amendment claim. *Smith*, 2014 IL 115946, ¶ 37.

¶ 18    In arguing that he has established cause and prejudice with respect to his proportionate penalties claim, the defendant argues that the principles in *Miller* (decided in 2012) support an as-applied proportionate-penalties claim and were not available to him in 2010, when he filed his first postconviction petition. This court has repeatedly rejected this claim. See *People v. Howard*, 2021 IL App (2d) 190695, ¶ 38 (citing *LaPointe*, 2018 IL App (2d) 160903, ¶ 55; *People v. Hoover*, 2019 IL App (2d) 170070, ¶ 37; and *People v. Suggs*, 2020 IL App (2d) 170632, ¶ 35).

¶ 19    In *Howard*, the 20-year-old defendant, relying on *Miller*, sought leave to file a successive postconviction petition alleging that his discretionary life sentence for first-degree murder violated the proportionate-penalties clause as applied to him. *Howard*, 2021 IL App (2d) 190695, ¶ 1. In rejecting the defendant's argument, this court explained that the proportionate penalties clause existed at the time of the *Howard* defendant's initial postconviction petition (filed in 1991) and it was well established that a defendant's youth was relevant to sentencing. *Id.* ¶ 38. We further noted that "the later emergence of additional support for a claim [such as the principles espoused

in *Miller* did] not in itself establish cause for failing to bring the claim earlier." *Id.* ¶ 39. Thus, we held in *Howard* that the defendant failed to show cause for bringing a successive postconviction petition raising an as-applied proportionate-penalties challenge to his life sentence. *Id.*

¶ 20 We also held that the *Howard* defendant could not show prejudice because his argument was "not of constitutional dimension" and thus could not be raised in a postconviction petition. *Id.* ¶ 40. This court explained that the defendant's argument was not that "his sentence for murder [was] so disproportionate to the offense as to violate the constitution." Rather, his position was "simply that his youth was not adequately considered, which is akin to an abuse of discretion argument, not a constitutional argument." *Id.*

¶ 21 In the present case, the defendant has also failed to establish cause and prejudice for not including his proportionate penalties claim in his initial postconviction petition. As in *Howard*, the defendant cannot establish cause because he could have raised his proportionate penalties claim in his original postconviction petition. *Id.* ¶¶ 38-39. Further, the defendant cannot show prejudice because his argument was not that his sentence was incommensurate with the offense but only that the trial court failed to adequately consider his youth at sentencing. As in *Howard*, this is insufficient to establish prejudice. *Id.* ¶ 40. Accordingly, as we can affirm on any basis supported by the record (*id.* ¶ 21), we affirm the trial court's dismissal of the defendant's successive postconviction petition on the basis that the defendant failed to establish cause and prejudice.

¶ 22 In so ruling, we note that the defendant's alternative argument raised on appeal is that postconviction counsel rendered unreasonable assistance in responding to the State's motion to dismiss. Specifically, the defendant argues that successive postconviction counsel failed to argue that his proportionate penalties claim could not have been raised earlier. However, based on established precedent, any such argument would have been without merit as a matter of law. *Id.*

¶¶ 38-39. Thus, the defendant's argument that he received unreasonable assistance necessarily fails. *People v. Edgeston*, 157 Ill. 2d 201, 234 (1993) (counsel under no duty to make meritless arguments).

¶ 23                                     III. CONCLUSION

¶ 24    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County dismissing the defendant's successive postconviction petition.

¶ 25    Affirmed.