NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180318-U

NO. 4-18-0318

FILED
August 18, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| RANDY M. COOK, | ) | No. 13CF455 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Roger B. Webber, |
| | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We grant the Office of the State Appellate Defender's motion to withdraw and affirm the trial court's denial of defendant's amended postconviction petition where no meritorious issues could be raised on appeal.

¶ 2    This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in this case. For the reasons that follow, we grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4                              A. Trial Proceedings

¶ 5    In March 2013, the State charged defendant, Randy M. Cook, with one count of burglary, a Class 2 felony (720 ILCS 5/19-1(a) (West 2012)), and one count of retail theft over $300, a Class 3 felony (720 ILCS 5/16-25(a)(1) (West 2012)), for stealing a computer from

Walmart with his codefendant, Michelle Burns. At defendant's arraignment, defendant indicated he understood the nature of the charges against him and that he was eligible for extended-term sentencing based upon his criminal history.

¶ 6 The case proceeded to a June 2013 jury trial. Prior to the start of the trial, the trial court dismissed the one count of retail theft, and the parties proceeded to trial on a single count of burglary. Defendant indicated he understood the charge and the potential range of punishment as a Class X offender due to his prior criminal history. Below, we summarize only the evidence necessary to resolve this appeal.

¶ 7 Burns testified that on January 28, 2013, she entered into an agreement with defendant to steal a computer from a Walmart in exchange for money or drugs. Defendant accompanied her to a Walmart and told her which computer to steal, and she stole it. Burns identified herself and defendant on the store's video surveillance. Burns testified she already pleaded guilty to theft in relation to the case. Burns also testified about her prior charge for stealing from a Walmart in Savoy, Illinois, on January 7, 2013.

¶ 8 On cross-examination, the State objected when defense counsel asked Burns whether she admitted, to police, that she used cocaine in March 2013. Defense counsel argued that the evidence was relevant because Burns received a significant offer from the State. At a sidebar, defense counsel noted that Burns pleaded guilty in the present case and received a sentence to drug court. Following the sidebar, the court instructed the jury to disregard counsel's question regarding Burns's alleged cocaine use.

¶ 9 Before the trial concluded, the parties informed the trial court they had reached a plea agreement. The court admonished defendant in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). In exchange for his guilty plea, the State agreed to recommend a

sentence of 16 years in prison. Defendant stated he understood the admonishments and wished to plead guilty. The court accepted defendant's guilty plea and sentenced defendant, a Class X offender, to a 16-year prison term.

¶ 10		In June 2013, defendant filed a *pro se* motion to withdraw his guilty plea. Eventually, in May 2014, defendant filed a third *pro se* amended motion to withdraw his guilty plea. In his third motion, defendant argued his guilty plea was involuntary due to his counsel's ineffective assistance. Specifically, defendant alleged his trial counsel failed to adequately question Burns regarding (1) any potential benefits she may have received for pleading guilty and testifying against defendant and (2) prior theft cases in which she was involved. Subsequently, the trial court held an evidentiary hearing on defendant's motion. The court denied defendant's motion to withdraw.

¶ 11		On direct appeal, defendant argued there was a *bona fide* doubt as to his fitness when he was allowed to proceed *pro se*. Defendant asserted that the trial court should have, *sua sponte*, ordered a fitness evaluation. In January 2017, this court affirmed defendant's conviction. *People v. Cook*, 2017 IL App (4th) 140838-U.

¶ 12		B. Postconviction Proceedings

¶ 13		In May 2017, defendant filed a *pro se* postconviction petition alleging multiple claims including ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Subsequently, the trial court advanced defendant's petition to second stage proceedings and appointed counsel to represent defendant.

¶ 14		In November 2017, appointed counsel filed an amended petition for postconviction relief, alleging ineffective assistance of trial counsel where counsel failed to (1) elicit on cross-examination that Burns pleaded guilty to theft in the present case and failed to

elicit that a portion of the plea agreement included (i) a dismissal of a more serious charge, (ii) the dismissal of her other pending cases, and (iii) that the State would not object to Burns's admittance into a drug court program and (2) question Burns about the incident at the Savoy Walmart on January 7, 2013, that led to her being charged with retail theft, with the charge later being dismissed as part of her guilty plea in the case. The amended petition alleged defendant suffered prejudice because had the jury been aware of Burns's prior conviction in this case, the plea terms, and Burns's prior incident at the Savoy Walmart, he would not have entered a plea of guilty. Counsel also filed an Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate.

¶ 15    The State filed a motion to dismiss, which the trial court denied in part and allowed in part. The amended petition proceeded to an April 2018 evidentiary hearing. After hearing the evidence relevant to the still pending claims in defendant's amended petition, the court denied the amended petition. The court stated,

> "The argument is that he was denied ineffective [*sic*]
> assistance of counsel because [defense counsel] failed to properly
> impeach the Witness Burns, but the record and the testimony from
> the [defendant's] mouth was that, in fact, the witness was
> impeached. The fact of her prior conviction was brought out in
> direct. She also admitted that she was stealing to support a drug,
> drug habit and [defense counsel] was in the process of asking the
> questions about the plea agreement when the court sustained an
> objection, so I don't think I can find that her counsel's
> performance fell below an objective standard of behavior. And
> once I find that one of the two *Strickland* prongs have not been

met, the petitioners [*sic*] must be denied without addressing the other prong. It's not necessary to address either prong, but I believe I will anyway.

I don't think any prejudice has been established. As [the assistant state's attorney] pointed out, the defendant is merely saying I wouldn't have pled guilty. Everything in the record suggests that the plea was conducted in the middle of the trial. The trial court went through great pains to explain his options of completing the trial. The case law does suggest that a guilty plea waives a lot of the problems that may have existed prior to the presentation of a plea, but I don't even need to reach that. I don't need to reach the issues of waiver.

I find that the defendant—or the petitioner has failed to prove by a preponderance of the evidence that he was denied effective assistance of counsel or that he was prejudiced by any deficiency that may have existed, so the petition—the motion for directed finding is allowed.

The amended mended [*sic*] post-conviction petition is denied."

¶ 16       This appeal followed. On appeal, OSAD, appointed counsel for defendant, filed a motion for leave to withdraw as defendant's counsel and attached a memorandum of law, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Kuehner*, 2015 IL 117695, 32 N.E.3d 655.

¶ 17                                II. ANALYSIS

¶ 18          On appeal, OSAD argues this case presents no potentially meritorious issues for

review.  We agree, grant appellate counsel's motion to withdraw, and affirm the trial court's

judgment.

¶ 19          The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016))

provides a means by which a defendant may challenge his conviction for violations of federal

and state constitutional rights.  *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007

(2006).  "A postconviction action is not an appeal from the judgment of conviction but is a

collateral attack on the trial court proceedings."  *People v. Tate*, 2012 IL 112214, ¶ 8, 980 N.E.2d

1100.  Therefore, "issues raised and decided on direct appeal are barred by *res judicata*, and

issues that could have been raised but were not are forfeited."  *Id.*  "An action for postconviction

relief is initiated by the person under criminal sentence, who files a petition in the [trial court] in

which the original proceeding took place."  *Id.*

¶ 20          The Act provides a three-stage process by which a defendant may obtain a

remedy for the substantial denial of his constitutional rights at trial.  *Pendleton*, 223 Ill. 2d at

472.  At the first stage, the trial court has 90 days to review a petition and may summarily

dismiss it if the court finds it is frivolous and without merit.  *Id.*  If the petition is not dismissed

within 90 days, the trial court must docket it for further consideration.  *Id.*

¶ 21          At the second stage of postconviction proceedings, counsel may be appointed for

an indigent defendant.  *Id.*  Pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017),

appointed counsel must consult with the defendant to ascertain his contentions of deprivation of

constitutional right, examine the record of proceedings at trial, and amend the petition, if

necessary, to ensure the defendant's contentions are adequately represented.  See *id.*  Appointed

counsel is not required to advance frivolous claims on the defendant's behalf. *Id.* The defendant is entitled to a "reasonable" level of assistance. *Id.*

¶ 22    After counsel has made any necessary amendments to the petition, the State may move to dismiss the petition. *Id.* If the motion is denied, the matter advances to a third-stage hearing wherein the defendant may present evidence in support of the petition. *Id.* at 472-73. When fact-finding and credibility determinations are necessary, we affirm the circuit court, absent a manifestly erroneous decision. *Id.* at 473. Where no fact-finding or credibility determinations are involved, our review of the third-stage evidentiary hearing is *de novo*. *Id.*

¶ 23    Here, appointed counsel's amended postconviction petition proceeded to an evidentiary hearing on two claims of ineffective assistance of trial counsel. Specifically, the amended petition alleged ineffective assistance of trial counsel where counsel failed to (1) elicit on cross-examination that Burns pleaded guilty to theft in the present case and failed to elicit that a portion of the plea agreement included (i) a dismissal of a more serious charge, (ii) the dismissal of her other pending cases, and (iii) that the State would not object to Burns's admittance into a drug court program and (2) question Burns about the incident at the Savoy Walmart on January 7, 2013, that led to her being charged with retail theft with the charge later being dismissed as part of her guilty plea in the case. The petition alleged defendant suffered prejudice because had the jury been aware of Burns's prior conviction in this case, the plea terms, as well as Burns's prior incident at the Savoy Walmart, defendant would not have entered a guilty plea.

¶ 24    OSAD moves to withdraw on the basis of *res judicata*, arguing defendant's claims were previously raised in defendant's third *pro se* amended motion to withdraw his guilty plea. In defendant's motion to withdraw his guilty plea, he argued his guilty plea was

involuntary and resulted from trial counsel's ineffective assistance. Specifically, defendant alleged his trial counsel failed to adequately question Burns regarding (1) any potential benefits she may have received for pleading guilty and testifying against defendant and (2) prior theft cases in which she was involved. The trial court held an evidentiary hearing on defendant's motion and subsequently denied defendant's motion to withdraw, finding defendant's plea voluntary. On direct appeal, defendant failed to challenge the trial court's denial of his motion to withdraw. OSAD argues *res judicata* bars consideration of issues in a postconviction proceeding that were previously raised. See *People v. Blair*, 215 Ill. 2d 427, 443, 831 N.E.2d 604, 614-15 (2005). The doctrine of *res judicata* operates to bar the raising of claims that were adjudicated on direct appeal. *People v. Pitsonbarger*, 205 Ill. 2d 444, 458, 793 N.E.2d 609, 620 (2002). Issues that could have been raised on direct appeal but were not are forfeited. *Blair*, 215 Ill. 2d at 443.

¶ 25        Where defendant based his postconviction petition on the same claims of ineffective assistance of counsel he asserted in his motion to withdraw his guilty plea and the claims were thoroughly addressed by the trial court, but defendant declined to raise the issue on direct appeal, we conclude defendant has forfeited these claims. Accordingly, OSAD properly asserts it cannot make a meritorious argument on defendant's behalf.

¶ 26        Further, we find postconviction counsel complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) where counsel filed a certificate stating he consulted with defendant to ascertain his contentions of deprivation of constitutional rights, examined the court file and report of proceedings of the trial, and made amendments to defendant's *pro se* postconviction pleading as necessary for adequate presentation of defendant's contentions. See *People v. Gallano*, 2019 IL App (1st) 160570, ¶ 26, 147 N.E.3d 912 (The filing of a Rule 651(c)

- 8 -

certificate by postconviction counsel averring that counsel has complied with the three requirements of Rule 651(c) creates a presumption of compliance with the rule.).

¶ 27                                    III. CONCLUSION

¶ 28         For the reasons stated, we grant OSAD's motion to withdraw as counsel on appeal and affirm the trial court's order denying defendant's amended postconviction petition.

¶ 29         Affirmed.