2022 IL App (2d) 210278-U
No. 2-21-0278
Order filed November 21, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08 CF 2469 |
| | ) | |
| CHRISTIAN LOPEZ-BONILLA, a/k/a Christian Lopez, | ) ) | Honorable |
| | ) | Reginald N. Campbell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice Brennan and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*: At the second stage of postconviction proceedings, defendant's petition and affidavits failed to establish a reasonable probability that he would have accepted the State's plea offer of 21 years in prison served at 50% had his trial counsel informed him that his sentence after trial and conviction would instead be mandatorily served at 85% if the trial court found that he caused great bodily harm.

¶ 2   Defendant, Christian Lopez-Bonilla, a/k/a Christian Lopez, appeals from the dismissal, on the State's motion, of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2020)).  Defendant contends that he made a substantial showing that

his trial counsel rendered ineffective assistance, inducing him to reject a plea offer that would have produced a more favorable sentence than he received by going to trial. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       On August 30, 2008, the State filed a complaint for a preliminary hearing, charging defendant with home invasion (armed with a firearm) (720 ILCS 5/12-11(a)(3) (West 2008)), home invasion (intentionally causing injury to a person within the dwelling) (*id.* § 12-11(a)(2)), and armed robbery (*id.* § 18-2(a)(2)). The State based all the charges on defendant's entry into a residence in Elgin on August 22, 2008. A private attorney entered an appearance for defendant.

¶ 5       On November 5, 2008, the State indicted defendant on seven counts, including the foregoing three counts and two counts of armed violence (*id.* § 33A-2(a)) with predicate offenses of residential burglary (*id.* § 19-3(a)) and theft (*id.* § 16-1(a)), and separate counts of residential burglary and theft. All seven counts related to the August 22, 2008, incident. The State also charged several other people in connection with this incident.

¶ 6       On February 25, 2010, after a jury trial, defendant was found guilty of home invasion (causing injury), residential burglary, and theft. After a sentencing hearing, the trial court merged the last two convictions into the first and sentenced defendant to 23 years' imprisonment. The court then found that defendant's conduct caused "great bodily harm" to the victim. 730 ILCS 5/3-6-3(a)(2)(iii) (West 2008). Thus, under truth-in-sentencing, he was eligible for no more than 4.5 days of good-conduct credit for each month served. *Id.*

¶ 7       On his direct appeal, defendant contended that his conduct did not meet the truth-in-sentencing law's definition of "great bodily harm"; therefore, the law did not apply. We disagreed and affirmed. *People v. Lopez-Bonilla*, 2011 IL App (2d) 100688.

¶ 8      On July 19, 2012, defendant filed a *pro se* postconviction petition under the Act. The trial court advanced the petition to the second stage and appointed counsel for defendant.

¶ 9      On September 9, 2020, defendant filed an amended postconviction petition. It raised three claims. The first asserted actual innocence based on newly discovered evidence. This claim relied on the affidavits of codefendants Donnell Lyle, Frederick Neal, and Leville Starks, all of whom had entered negotiated guilty pleas for home invasion. The second claim was that defendant had been penalized for exercising his right to go to trial, as his four codefendants had pleaded guilty to home invasion and their sentences were not subject to truth-in-sentencing. Lyle, Neal, and Starks had all received 21-year sentences, and the remaining codefendant, Anthony Starks, had received a 24-year sentence. All these codefendants were eligible for day-for-day good conduct credit, making their probable actual time served far less than what defendant would serve at a mandatory 15% or less credit. All four codefendants had pleaded guilty and were sentenced before defendant's case went to trial.

¶ 10     The remaining claim, ineffective assistance of trial counsel, is the most central to this appeal. Defendant alleged that at no point before trial did his attorney tell him that, if he were convicted and the court found that his conduct caused great bodily harm, the law required that he receive no more than 15% good-conduct credit. Defendant claimed that, but for his attorney's neglect of this matter, he would have accepted a plea offer of 21 years' imprisonment with eligibility for day-for-day good conduct credit, which would have resulted in a shorter effective sentence than what he received after going to trial.

¶ 11     The amended petition included an affidavit from defendant. He averred that his former attorney

"[i]nformed me a few months before the trial, that the State's Attorneys [*sic*] Office (Prosecutors) were offering me a sentence of 21 years to be served at 50% if I would plead guilty. I rejected that offer.

A few months later, my Attorney told me that the Prosecutors were offering me 6 years to be served at 50% if I would cooperate with the State's Attorneys [*sic*] office and testify against my co-defendants, and again I rejected that offer.

With the advice of my Attorney I decided to *** go to trial. While preparing for the trial[,] my attorney never warned me, or even mention [*sic*] that the sentence I would be facing had to be served at 85% instead of 50%[.] I was under the impression that the sentence that the Judge would have imposed on me had to be served at 50%, or what is called day for day.

If my Attorney had informed me that whatever amount of years the Judge could have sentenced me to would have to be served at 85% then I would have definetly [*sic*] accepted the Prosecutor's offer of 21 years to be served at 50%."

¶ 12    The State moved to dismiss the amended petition. As to defendant's claim of ineffective assistance, the State argued that, even had counsel's performance been unreasonable, defendant had not shown prejudice. To do so, he would have to plead facts to establish a reasonable probability that, absent counsel's deficient performance, he would have accepted a plea offer. Defendant's mere assertion to that effect was insufficient because it lacked either a supporting affidavit from trial counsel or independent support in the record. Indeed, like *People v. Hale*, 2013 IL 113140, ¶¶ 27-28, the record showed that defendant persisted in claiming innocence and decided to reject the offer of a potentially shorter sentence and take his chances at trial despite the danger of ending up with a longer sentence. The State noted that, even in 2020, defendant was

still claiming actual innocence. The State argued further that applying truth-in-sentencing is a collateral consequence of a conviction and sentence. Therefore, counsel's failure to advise defendant of it did not support a claim of ineffective assistance.

¶ 13    The trial court granted the State's motion to dismiss the amended petition. Defendant appealed.[1]

¶ 14                                II. ANALYSIS

¶ 15    On appeal, defendant contends that he made a substantial showing that his trial counsel was ineffective because counsel's deficient performance induced him to stand trial instead of accept a plea offer resulting in substantially less prison time than he now faces. For the following reasons, we disagree.

¶ 16    This case comes to us after a second-stage dismissal of defendant's petition under the Act. Thus, the issue is whether the trial court erred in holding that defendant's petition did not make a substantial showing of a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 35. As this presents a question of law, our review is *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). As was the trial court, we are obligated to take all well-pleaded allegations in the petition and the affidavits as true unless the record positively rebuts them. See *id.; People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002).

¶ 17    Here, defendant contends that his attorney provided ineffective assistance. The right to effective assistance of counsel extends to the decision to reject a plea offer, even if the defendant

_____

[1]Defendant filed his notice of appeal before the court issued its judgment. However, the supreme court ordered us to treat the appeal as timely filed. *People v. Lopez-Bonilla*, No. 128538 (Ill. June 3, 2022) (supervisory order).

later receives a fair trial. *Hale*, 2013 IL 113140, ¶ 16. The elements of an ineffective-assistance claim are that (1) counsel's performance was objectively unreasonable (performance prong) and (2) it is reasonably probable that, absent counsel's unprofessional errors, the result of the proceeding would have been different (prejudice prong). *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *People v. La Pointe*, 2015 IL App (2d) 130451, ¶ 70.

¶ 18     As to prejudice, when a defendant claims that a plea offer lapsed or was rejected because of counsel's deficient performance, he must demonstrate a reasonable probability that (1) he would have accepted the plea offer had counsel performed properly and (2) the plea would have been entered without the prosecution cancelling the offer or the trial court refusing to accept it, if they had the authority to exercise that discretion under the law. *Hale*, 2013 IL 113140 ¶ 19. We may dispose of an ineffective assistance claim by resolving the prejudice prong against the defendant without addressing the performance prong. *Id.* ¶ 17.

¶ 19     The State contends that defendant failed the prejudice prong on two grounds. First, sentencing credit or its denial is a collateral consequence of a conviction and, therefore, counsel's failure to inform defendant of the possibility that he would have to serve 85% of his sentence if convicted cannot support a claim of ineffective assistance. Second, defendant failed to produce sufficient objective evidentiary support for his assertion that, had counsel informed him of the potential sentencing issue, he would have accepted the plea offer. We agree with the State's second ground, and we affirm on that basis without considering the first ground.

¶ 20     The State is correct that defendant did not make a substantial showing that, given different advice, he would have accepted a plea offer that included day-for-day credit. Further, the State provides two sound and interrelated grounds for its argument: (1) defendant's mere contention in

his affidavit was insufficient to make the required showing, and (2) the record refutes the contention.

¶ 21    To show prejudice, a defendant needs to provide more than his own subjective, self-serving testimony that he would have pleaded guilty had counsel properly advised him. *Hale*, 2013 IL 113140, ¶ 18. There must be independent, objective confirmation that the defendant based his plea-offer rejection on his counsel's erroneous advice. *Id.* The disparity between the sentence a defendant faced and a "significantly shorter plea offer" can be considered to support a claim of prejudice. *Id.*

¶ 22    Here, defendant provided little, if any, support for his affidavit's assertion that, had counsel informed him of the possible truth-in-sentencing consequences—based on the infliction of great bodily harm to the victim—he would have accepted the State's plea offers and not risked the consequences of a conviction after a trial. Defendant's affidavit was the amended petition's sole attempt to provide support outside the record for this assertion. Yet the affidavit added little to the assertion. At most, the affidavit alleged that the State offered defendant 21 years' imprisonment with the opportunity (though not the guarantee) that he would receive day-for-day credit, making the effective prison term 10.5 years. Although this tends to show that the plea offer was "significantly shorter" than the nearly-20-year effective sentence that defendant eventually received, several factors of record undercut this support.

¶ 23    First, as noted, day-for-day credit was contingent, not assured. Second, we must base a prejudice analysis on what defendant would have done *when the State made the plea offer*, because he did not know what his sentence might be if he went to trial and was convicted. When the State made the 21-year plea offer, defendant knew that he faced a sentencing range of 6 to 30 years' imprisonment (see 730 ILCS 5/5-8-1(a)(3) (West 2008)). Thus, his potential sentence, even at

85%, was not necessarily longer than his codefendants' sentences based on guilty pleas. Although defendant was unaware that his sentence would be mandatory 85% if the trial court found that he inflicted great bodily harm, there was also no certainty that there would be a conviction *and* a finding of great bodily harm.

¶ 24    Third, defendant's affidavit itself alleged that the State offered him a sentence of six years, to be served at 50%, if he agreed to testify against his codefendants.  Obviously, the State made this offer before the codefendants pleaded guilty (or at least before all of them did), and it was for a far shorter effective sentence than what he faced from either the 21-year offer or a conviction after a trial.  Thus, the affidavit undercuts defendant's assertion that, but for the possibility of truth-in-sentencing applying after a trial, he would have pleaded guilty in return for an effective sentence of more than 10 years.  After all, he declined to plead guilty in return for an effective sentence of *three* years.

¶ 25    The foregoing reasons support the trial court's finding that defendant did not make a substantial showing of prejudice.  But even stronger support comes from the record itself, which refutes defendant's self-serving assertion that counsel's advice about the possibility of truth-in-sentencing would have induced him to plead guilty. Defendant insisted on going to trial because he wanted a not-guilty verdict.

¶ 26    Throughout this case, including after he was convicted, defendant steadfastly maintained his innocence.  He implied his innocence in his rejection of two plea offers, including one for the minimum effective prison term and the first claim in his amended petition—actual innocence. Even after his conviction and unsuccessful appeal, defendant still maintained that he was not guilty, producing affidavits from several codefendants supporting the claim.  In ruling on the amended petition, the trial court took the well-pleaded allegations in the affidavits as true.  See

*Pitsonbarger*, 205 Ill. 2d at 455. We find it difficult to reconcile defendant's longstanding and vigorous protestations of innocence, supported (however inadequately) by the affidavits of three codefendants, with his claim that he would have admitted his guilt before the State even put on any evidence. Defendant's amended petition was insufficient to survive second-stage scrutiny under the Act.

¶ 27                                    III. CONCLUSION

¶ 28    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 29    Affirmed.