NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250064-U

NO. 4-25-0064

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 2, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| MICHAEL A.J. MAYS, | ) | No. 13CF629 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding defendant had not established any error
with respect to the trial court's dismissal of his postconviction petition.

¶ 2    Defendant, Michael A.J. Mays, appeals the dismissal of his petition for relief under

the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). Defendant argues

this court should remand for an evidentiary hearing because his petition made a substantial

showing (1) his trial counsel provided ineffective assistance by failing to present certain evidence

at trial, (2) his appellate counsel provided ineffective assistance by failing to raise a particular issue

on direct appeal, and (3) he is innocent based upon newly discovered evidence. For the reasons

that follow, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    Following a November 2014 jury trial, defendant was convicted of first degree

murder (720 ILCS 5/9-1(a)(1) (West 2012)) for the shooting death of Aaron Robinson and sentenced to 55 years in prison. Defendant's conviction and sentence were affirmed on direct appeal. *People v. Mays*, 2017 IL App (4th) 150226-U, ¶ 53.

¶ 5        In November 2018, defendant filed a *pro se* postconviction petition. The petition was advanced to the second stage of postconviction proceedings. Defendant retained counsel and filed an amended petition raising various claims. The State filed a motion to dismiss the amended petition. In December 2024, the trial court entered a written order dismissing defendant's petition.

¶ 6        This appeal followed.

¶ 7                            II. ANALYSIS

¶ 8        On appeal, defendant, through the same retained counsel who represented him in the postconviction proceedings below, argues this court should remand for an evidentiary hearing because his petition made a substantial showing (1) his trial counsel provided ineffective assistance by failing to present certain evidence at trial, (2) his appellate counsel provided ineffective assistance by failing to raise a particular issue on direct appeal, and (3) he is innocent based upon newly discovered evidence. The State disagrees.

¶ 9        The Act provides a "statutory procedure by which a defendant can pursue a claim that his conviction or sentence was based on a substantial denial of his constitutional rights." *People v. Clark*, 2023 IL 127273, ¶ 38. The Act generally contemplates three stages. *People v. Johnson*, 2021 IL 125738, ¶ 24. Where, as here, a postconviction petition is dismissed at the second stage, the dismissal is reviewed *de novo*. *People v. Huff*, 2024 IL 128492, ¶ 13.

¶ 10       At the second stage of postconviction proceedings, a court "must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *People v. Domagala*, 2013 IL

113688, ¶ 33. In making this determination, the court takes "all well-pleaded facts that are not positively rebutted by the trial record" as true. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 11 In this case, defendant has not presented this court with a sufficiently complete record to support his claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error."). Specifically, defendant has not provided the transcripts from his jury trial. Without those transcripts, we cannot independently evaluate the claims raised in defendant's postconviction petition. Furthermore, without the transcripts, we must presume the trial court's dismissal of defendant's petition was in conformity with the law and had a sufficient factual basis. See *id.* at 392 ("[I]n the absence of [a sufficiently complete] record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis.").

¶ 12 We emphasize the State raised the inadequacy of the record in its four-page appellee brief. Shortly after the filing of the State's brief, defendant filed a "renewed motion for to designate the report of proceedings in [his] direct appeal 4-15-0226 as a supplemental record (unopposed)." This court, on October 20, 2025, denied defendant's motion. We stated:

> "IT IS ORDERED that the Motion filed October 6, 2025, to supplement the record on appeal with the volume of Report of Proceedings from the appellant's direct appeal, 4-15-0226, is denied. If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. Upon payment of the requisite fee to the official court reporter(s) for the supplement to the record, the motion may be filed again with proof that such payment has been made."

See Ill. S. Ct. R. 329 (eff. July 1, 2017) ("If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. If necessary, a supplement to the record may be certified and transmitted. The clerk of the circuit court shall prepare a certified supplement to the record which shall be filed in the reviewing court upon order issued pursuant to motion."). As of the filing of this decision, which is more than three months after the filing of our October 20, 2025, order, no motion to supplement the record has been filed.

¶ 13        Accordingly, based upon the record presented, we conclude defendant has not established any error with respect to the trial court's dismissal of his postconviction petition.

¶ 14                        III. CONCLUSION

¶ 15        For the reasons stated, we affirm the trial court's judgment.

¶ 16        Affirmed.